ELIZABETH HALLEY, Appellant, v. G. W. HALLEY.

**Divorce:** SUFFICIENCY OF ALIMONY. An allowance of alimony in a divorce proceeding based on cruel and inhuman treatment, of a semi-annual payment of $120 for five years, to then cease, provided defendant conveyed to children of the marriage property valued at $1,000, and to cease in any event upon remarriage of plaintiff, is held as liberal as the circumstances of defendant justified.

*Appeal from Dallas District Court.*— HON. EDMUND NICHOLS, Judge.

TUESDAY, JUNE 5, 1906.

IN a proceeding for divorce on the ground of cruel and inhuman treatment and for alimony, the court entered in favor of plaintiff a decree for divorce, gave her the custody of minor children, and awarded her alimony. She appeals from the provisions awarding alimony, claiming that the allowance is insufficient in amount.— *Affirmed.*

*John Shortley,* for appellant.

*White, Clarke & Clarke* and *H. A. Hoyt,* for appellee.

McCLAIN, C. J.— The facts to be considered in determining the sufficiency of the provisions of the decree for alimony for the support of plaintiff and the minor children are substantially as follows: The defendant, a widower with three adult children, before he made any proposal of marriage to plaintiff, and not in contemplation of any such possible marriage, deeded to each of his three children a farm of eighty acres, reserving to himself a life estate in each tract. In 1898 he was married to plaintiff, who was previously a widow with one child dependent upon her, defendant being then sixty-six years of age and plaintiff thirty-eight. Two children were born of this marriage, and at the time of entry of the decree in 1904 defendant had deeded to plaintiff a house and two lots worth about $1,200, and to each of these children a house and lot worth about $1,000, reserving a life estate, however, in the properties deeded to the two children. He still owned a house and tract of six acres of land, worth about $2,000, in addition to the life estates in the three farms previously deeded to his children by his former marriage. He had also a small income from his profession as veterinary surgeon, but had become incapacitated by age from earning any substantial income by active labor. The rental value of the farms deeded to his children by the former marriage was about $2.50 per acre. The provisions of the decree in plaintiff's favor were that defendant should pay her $75 in December, 1904, and $120 semiannually in January and June for five years at the end of which period such payments should cease upon his giving a fee-simple title to each of the minor children to the premises which he had previously conveyed to such children subject to a life estate in himself, and that payments should cease in any event in case of plaintiff's remarrying.

Further details of the decree need not be given here, as they, are not material in determining this appeal.

The provisions thus made for the support of plaintiff and her children are meager in amount, but we are not satisfied that they are not as liberal as the circumstances require. Defendant has the house and six-acre tract of land, which is unproductive, and an annual rental from the farms deeded to his children of $600, out of which he must pay, taxes of about $160 per year, and in addition the expense of insurance and repairs. From what remains out of these rentals and the small rentals derived from the two properties deeded to the minor children, he is to pay $240 per year for five years, after which he will have remaining to him for his support only the income from the three farms, netting him probably not to exceed $400 per year. It is to be noticed that the properties above referred to as deeded to defendant's children by his former marriage were acquired and disposed of before his marriage to plaintiff, and it does not appear that the other properties have been acquired since the marriage, and as the result of his earnings, to which the plaintiff may be presumed to have contributed. It is true she appears to have assisted materially by her labors in the support of the family, and that the rents from the house and two lots deeded to her had been collected by defendant down to near the time of the trial; but no specific property seems to have been acquired by defendant during the continuance of the marriage relation. It is a hardship that plaintiff should not have a more liberal allowance for her support and for the support of the children, but the provisions made for her seem to be as liberal as the circumstances of the defendant will justify.

The decree is therefore *affirmed.*