MINNIE MAY SLATTERY, Appellee, v. H. E. SLATTERY, Appellant.

**Proceedings supplemental to divorce:** CUSTODY AND SUPPORT OF
1 CHILDREN: CONTRACTS OF PARTIES. While effect will be given to the contract of a husband and wife, involved in divorce proceedings, respecting a settlement of their property interests and custody of minor children, when found to be fair and reasonable; yet they cannot by contract terminate all responsibility of either for the support and maintenance of their minor children, and the court may at any time set aside a contract of that character and decree such provisions in lieu thereof as the interest of the children may demand.

**Same:** ADDITIONAL SUPPORT OF CHILDREN. While to modify a decree
2 in divorce proceedings for the custody of children and for alimony there must be proof of a change in the conditions of the parties, still in the instant case inability of the mother to care for the children because of sickness is held sufficient to warrant an order requiring the father to furnish additional support for them.

**Divorce:** CUSTODY OF MINOR CHILDREN: DISCRETION. The custody of
3 the children of divorced parents is largely one of discretion with the trial court, and unless a clear abuse is shown its order will not be disturbed.

*Appeal from Butler District Court.*—Hon. C. H. Kelley, Judge.

TUESDAY, JUNE 9, 1908.

REHEARING DENIED TUESDAY, SEPTEMBER 29, 1908.

PROCEEDINGS supplemental to a decree of divorce. The opinion states the case. The appeal is by defendant.— *Affirmed.*

*C. G. Burling* and *C. C. Cole,* for appellant.

*Geo. A. McIntyre* and *G. D. Thompson,* for appellee.

BISHOP, J.— This is a proceeding supplementary to a decree of divorce, brought in reliance upon Code, section 3180, which provides as follows: " When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects, when circumstances render them expedient." It appears that the parties, plaintiff and defendant, were married in January, 1895, and two children were born to them — a boy and a girl. In March, 1902, the action for divorce was begun by plaintiff. The defendant entered an appearance in the action, but filed no pleading. Pending a hearing, there was filed in the action a stipulation, signed by the parties, the provisions thereof being in substance as follows: That in the event a divorce is granted to plaintiff the defendant will convey to her a specified interest in certain property described, which shall be " in full settlement of all matters between the parties relating in any way to alimony, property, or other obligations." Plaintiff to have care and custody of the children at her own expense as long as she keeps them, with right to defendant to visit them in

a reasonable manner and time.   On said action being called
for trial, the defendant was adjudged to be in default for
want of any pleading, and on the evidence adduced plaintiff
was awarded a decree of divorce.   In the decree as entered
it was provided that plaintiff " have and recover from the
defendant alimony as per stipulation on file," and, further,
that " the children of the parties be, and the same are hereby
committed to the sole care and control of the said plaintiff,
subject to the right of defendant to visit them at suitable
times," etc.

In her petition in this proceeding, which was commenced
in February, 1907, plaintiff alleges that her children are now
ten and six years of age, respectively; that from the property
conveyed to her under the stipulation entered into at the
time of the divorce she has derived no revenue; and that she
has been compelled to support herself and said children by
her own labor in teaching school and in doing housework.
She further alleges that she is and long has been in ill
health, that by reason thereof she has been compelled to
discontinue teaching, and is now out of employment and
has no means to support said children.   Her prayer is that
the former decree be so far modified as to provide that the
defendant be required to contribute to the support of said
children.   To defeat this demand on the part of plaintiff,
defendant in answer relies upon the stipulation. . He then
declares that he possesses the affection of a father for the
children; alleges that they are not being properly cared for
by plaintiff, and that the affection which is due to him from
them has been alienated by plaintiff; further, that he has
remarried since the divorce, and now has a suitable home for
said children; and he prays that the custody thereof be trans-
ferred to him.   After hearing the evidence introduced by
the parties, the court ordered that custody continue in the
plaintiff and that defendant pay to a trustee named a certain
sum per month, to be used for the benefit of said children.
Further provision was also made in the order respecting the

right of defendant to visit the children, and the case was ordered continued for such further orders in the future as shall become necessary.

One of the grounds on which the order is assailed is that it ignores the stipulation entered into between the parties; and it must be confessed that in a sense such is the effect of the order. But that is not sufficient of itself to call for a reversal. We quite agree with counsel for appellant that a husband and wife, involved in divorce proceedings, may arrange between themselves for the disposition of their property interests and the custody of their children; and effect will be given by the court to a stipulation, if entered into in good faith and the provisions thereof are found to be fair and reasonable. This we have frequently said. *Blake v. Blake,* 7 Iowa, 46; *Martin v. Martin,* 65 Iowa 255; *White v. White,* 75 Iowa, 218. But parents cannot, by contract entered into between themselves, put one or the other beyond all responsibility for the support and maintenance of their offspring. Irrespective of any rights which might arise from such a contract, personal to the immediate parties, the children have rights which must be respected by their parents; and the courts, in the interests of the children and of the general public, will enforce such rights whenever it becomes necessary to do so. Accordingly, where the custody and maintenance of children is provided for by contract, it is within the power of the court, acting in authority of the statute, to set aside the contract and to decree such provisions in lieu thereof as the interests of the children shall seem to demand.

1. PROCEEDINGS SUPPLEMENTAL TO DIVORCE: custody and support of children: contracts of parties.

A further ground of attack upon the order is that it is not supported by proof of any material change in condition arising since the entry of the original decree; and it is called to our attention that, under the rule of our cases, proof of change in condition is essential to an order. *Graves v. Graves,* 132 Iowa, 199; *Crockett v. Crockett,* 132 Iowa, 388. Conceding the

2. SAME: additional support for children.

rule, we think the evidence shows a change in condition sufficient to justify the order.   Plaintiff invested all the money received by her in the way of alimony — less than $500 — in a little home in the town of Clarksville, where the parties had resided, and where her parents reside. She has no other property.   While her health permitted her to labor, she was able to feed and clothe her little ones; but sickness came, and she was compelled to abandon work, and still later, as shown by the evidence, to go through a hospital experience.   She and her children find themselves the subjects of the charity of her parents.   That here is a change within the contemplation of the statute, and sufficient to call upon the father to again assume active responsibility for the support of his children, we entertain no doubt.   The order requires him to pay but the modest sum of $8 per month, and on his own confession he is financially able to meet the demand.

Lastly, it is said that on the evidence as a whole the court should have ordered the custody of the children given into the hands of the defendant.   The matter was one confided to the discretion of the court, and, without setting out the further evidence appearing in the record, we state it as our conclusion, from the reading thereof, that in refusing to order a present change in custody the court did not abuse the discretion confided to it.

3. DIVORCE: custody of minor children: discretion.

As the order has our approval, it must be, and it is, *affirmed*.