## EDWARD VEY v. JESSIE B. VEY, Appellant.

**Marriage and divorce:** ALIMONY. Where, as in this case, the wife was entitled to divorce and it appeared that the husband had about $5,000 in property and money exclusive of debts, the result

of their joint labor, the wife was entitled to one-half of that sum as alimony.

*Appeal from Dubuque District Court.*—HON. M. C. MATHEWS, Judge.

THURSDAY, FEBRUARY 9, 1911.

THIS is an appeal from an award of alimony in a divorce case. The opinion states the case more fully. *Modified* and *affirmed.*

*S. B. Lattner,* for appellant.

*J. A. Cunningham,* for appellee.

SHERWIN, C. J.—The plaintiff and the defendant were married about 1890, and lived together until about the 1st of January, 1909. On the 18th day of February, 1909, the plaintiff filed in the district court a sworn petition, asking that he be divorced from the defendant. On the 1st of March, 1909, the defendant filed her answer, denying in full the allegations of the petition. She also at the same time filed a cross-petition, asking a divorce from the defendant, and that she be awarded alimony. The case was tried in May following, and resulted in a judgment dismissing the plaintiff's petition, and giving the defendant a decree of divorce as she had prayed, and awarded her $1,000 alimony, $250 of which was to be given her attorneys for defending against the suit of her husband and for prosecuting her cross-petition. The defendant alone appeals, and she appeals only from that part of the decree fixing her alimony.

At the time the plaintiff filed his petition, and at the time the defendant's answer and cross-petition was filed, the plaintiff was the owner of real and personal property

of the value of $3,600, and in addition thereto he had $2,400 in cash deposited in one of his home banks, so that at the time he had about $6,000 in property and money. At that time he was indebted, according to his own testimony, between $650 and $700. A few days after the defendant's answer and counterclaim was filed, he drew from the bank $2,400 in cash that he had on deposit there and turned the same over to a married sister, who, at the time of the trial, testified that she still had all but $1,000 of the amount, which $1,000 she had returned to the plaintiff upon his request some time before she gave her testimony. The plaintiff on the trial testified that he had used the $1,000 in the payment of his debts; but whether such debts were ones that existed at the time the suit was commenced does not clearly appear. The plaintiff alleged in his original petition that his only property, outside of a small stock of groceries, was the homestead. He said nothing about the money on deposit in the bank, nor did he mention the $600 real estate mortgage that he owned. The evidence shows that all of this property was accumulated after the marriage of these parties, and that the defendant did her full share of the work that produced the same. They have no children.

We think the record shows that the defendant is entitled to a greater allowance than was given her by the trial court. The trial court found that she was entitled to a divorce from the plaintiff, and that was a necessary finding that he was at fault. She having devoted nearly twenty years of her life to the accumulation with him of this little property, it seems inequitable to now say to her that she shall have only about one-fifth of the entire estate over and above the debts, and that $250 of the amount allowed shall be paid to her attorneys. We think that she is entitled to $2,250 in full, and the decree of the district court will be so modified as to give her such sum. *Modified* and *affirmed.*