ANTON HARTL, Appellee, v. JOSEFA HARTL, Appellant.

**Divorce:** ALIMONY. In this action for divorce and division of property the decree awarding to the wife the custody of the minor children and $4000 worth of property more than allowed defendant is held to have been an equitable division under the circumstances of the case.

**Same:** CONDONATION: PRIOR STIPULATION OF SETTLEMENT: EFFECT. The fact that one of the parties to an action for divorce failed to keep his promise of reformation by which reconciliation was induced, following a prior action, would not operate to revive the former action or a stipulation of settlement of property rights made therein, that action having been abandoned by agreement of parties and reconciliation; and while the stipulation is admissible in a subsequent action for divorce and alimony still if unconscionable is entitled to no consideration.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

FRIDAY, MAY 10, 1912.

A DECREE of divorce on the ground of cruelty was prayed in the petition. The defendant answered, and in a cross-petition a like decree was sought on the same ground and because of habitual drunkenness on the part of plaintiff. On hearing a decree of divorce was entered on the cross-petition, but, as the division of property was not satisfactory to defendant, she appeals.—*Affirmed.*

*Crosby & Fordyce,* for appellant.

*Joseph Mekota* and *Dawley & Wheeler,* for appellee.

LADD, J.—The parties hereto were married in Bohemia,

and reached Cedar Rapids with two babies and $40 in 1887. He found employment at $1.50 per day, and at the end of

1. DIVORCE: alimony.

three years they had saved $300, and then purchased twenty acres of land, and moved thereon. Since then their estate has increased, until, at the time of trial, they owned in severalty a farm of two hundred and fifty-six acres, on which they resided, six or seven miles from Cedar Rapids, worth from $100 to $120 per acre, with an incumbrance thereon of $2,375. The value of their personal property is estimated at $4,000 besides the crop of 1910. Their family also has increased so that there were ten children. One son, twenty-four years of age, had married, and had been given money and other property amounting in value to $2,000. The next two, Albert and Agnes, had attained their majority. The decree of divorce was granted to defendant on her cross-petition, and she was awarded the custody of the remaining seven children, Edward and Frank, sixteen and fourteen years of age, Julia, Emma, and Rosa, thirteen, eleven and nine, and John, seven years old. The right hand of Emma is crippled, having but one finger. This decree awarded to defendant all the personal property, and one hundred and twenty acres of the farm purchased of Mackey, she to pay the mortgage thereon of $2,375, and awarded the plaintiff the eighty-one acres known as the Miller farm, and fifty-five acres of the land bought of Mackey. The only evidence of the value of the respective tracts is that of plaintiff, who estimated the one hundred and twenty acres to be worth $140 per acre and the one hundred and thirty-six acres at $100 per acre. This was somewhat corroborated by proof of the character of the respective tracts and the improvements thereon, and, in the absence of anything in the record to the contrary, must be accepted. The value then of the land assigned to defendant was $16,800, and of that assigned to the plaintiff $13,600. Aside from this, defendant is given all the personal property, but is charged with the payment of the incumbrance of $2,375.

It may well be presumed that, in the operation of the smaller farm, all of this property will not be necessary, and doubtless the court had in mind that after the payment of the incumbrance out of the personal property and the crop of 1910 there would be enough left with which to operate the farm assigned to her. The result is that she is allowed something over $4,000 in value more than he out of which to maintain the children. In view of the circumstance that these children will be of much assistance to her in operating the farm, we are not inclined to regard the division as inequitable.

Nothing will be accomplished by reviewing the relative value of the services of these parties in the accumulation of the estate, both having been exceedingly industrious, and it is enough that they, prior to the estrangement, had taken the title to the property in common, and there is nothing to indicate that any preference should be shown either save as a consideration of the care of their children, and this, we think, was satisfactorily provided in the decree.

In the fall of 1909 the defendant commenced a suit for divorce, and subsequently entered into a stipulation with plaintiff, by the terms of which she was to have all the property held in common, real and personal, except his wearing apparel and pay him $2,000. Thereafter they were reconciled, and lived together for a short time. They were unable to agree, however, and he left their home in June, 1910, and thereafter this action was begun. That the stipulation was entered into with reference to the first suit is not questioned, but counsel for appellant contend that, inasmuch as the plaintiff failed to keep the promise of reformation by which the reconciliation was induced, the stipulation was revived and became binding on the parties in this action. That the wrongs condoned by such reconciliation might be relied upon in the subsequent suit is conceded. *Craig v. Craig,* 129 Iowa, 192; *Shors v. Shors,* 133 Iowa, 22. But the circumstance that the offending party fails to keep his promise does not

*2. SAME: condonation: prior stipulation of settlement: effect.*

revive the former suit nor the stipulation made with reference thereto. That action was abandoned and the agreement with it. A contract for separate maintenance is abandoned by the reconciliation of the parties, and, as this stipulation had reference to the entry of the decree of divorce in a particular action, we think it was abandoned by the failure to prosecute that action and the resumption of marital relations. See *Knapp v. Knapp*, 95 Mich. 474 (55 N. W. 353); *Zinner v. Settle*, 124 N. Y. 37 (26 N. E. 341, 21 Am. St. Rep. 638; 21 Cyc. 1597). The contract, having been so recently made, however, and in reference to the property conditions, as they existed at the hearing, was admissible in evidence. Such agreements are to be scrutinized by the court very closely, and neither party permitted to obtain an unfair advantage over the other. *Martin v. Martin*, 65 Iowa, 255; *Nieukirk v. Nieukirk*, 84 Iowa, 367; *Slattery v. Slattery*, 139 Iowa, 419; 2 Nelson on Divorce and Separation, section 915. That this stipulation was unconscionable in allowing the plaintiff through whose business sagacity more than $30,000 worth of property had been accumulated but $2,000 is manifest, and, though admissible in evidence, it is entitled to no consideration.—*Affirmed.*