HANNAH BARR, Appellee, v. D. W. BARR, Appellant.

**Divorce:** CRUEL AND INHUMAN TREATMENT: ALIMONY: EVIDENCE. In this action by the wife for divorce and alimony on the ground of cruel and inhuman treatment, the evidence is reviewed and held to support a decree for plaintiff, and an allowance of $5,000 permanent alimony.

*Appeal from Delaware District Court.*—HON. F. C. PLATT, Judge.

TUESDAY, NOVEMBER 12, 1912.

ACTION for divorce. Decree as prayed, and defendant appeals.—*Affirmed.*

*Welch & Welch,* for appellant.

*W. H. Norris, Carr, Bronson & Carr* and *E. B. Stiles,* for appellee.

WEAVER, J.—The parties were married in March, 1905. Defendant was then about forty-seven years old, owned a large farm, had been twice widowed, and was the father of one child, a daughter. The plaintiff was about ten years his junior, was possessed of money or property to the amount of about $1,200, and had no previous matrimonial experience. Not long after the marriage, the relations of the parties became more or less inharmonious. In the year 1909 their differences became so serious that plaintiff left home for a time. Defendant sought a reconciliation, confessed his fault in the matter, signed a written retraction of charges he had made against his wife, and she returned to him. The treaty of peace proved to be of little effect, and in March, 1910, this action was instituted for divorce upon the ground of cruel and inhuman treatment, endangering the life of the plaintiff. The defendant's answer consists of a simple denial of the charges of cruel treatment, and an allegation, stated generally and without specification of particulars, that the domestic troubles and difficulties of the parties "were provoked and caused by conduct of the plaintiff, which conduct on her part was without justification or right, and was not provoked by the defendant." After hearing

the testimony upon the issues thus joined, the court found for the plaintiff and awarded her a divorce, with alimony in the sum of $5,000 and attorney's fees. We are asked to reverse this decree on the ground that the evidence fails to establish any just cause for divorce. It is further insisted that, in the event that a reversal is not ordered, the allowance of alimony ought to be materially reduced.

Counsel for the appellant favors the court with no argument whatever, except the bald statement that the plaintiff's case is "devoid of evidence to sustain" her charges of cruel treatment; that said charges, or most of them, have been specifically denied by the defendant as a witness in his own behalf; and that, the burden being upon the plaintiff, she must be held to have failed to show ground for relief. We find ourselves unable to so easily dispose of the questions at issue. Plaintiff's testimony tends to show that defendant's treatment of her from an early day of their married life was not only abusive, but grossly inhuman; that he was a man of violent passion, subjecting her to unprintable personal indignities, striking and kicking her on numerous occasions, applying to her insulting and opprobrious epithets, charging her with unchastity, slandering her family, friends, and associates, depriving her of her accustomed social and religious privileges, and in many other ways making her life an unbearable burden. It is true that many of the particular incidents related by her are denied by him, but she is sufficiently corroborated, both by the testimony of other witnesses and by the admissions or concessions of the defendant, as to many of the material facts, to amply justify and sustain the finding of the trial court upon the merits of the case. For example, it is very clear that the defendant was of an unreasonably, if not insanely, jealous disposition; that he frequently, if not continuously, and in the vilest terms, charged her with unchastity. Not content with making these charges to the wife herself in the

confidence and privacy of their home, he made them in the presence of others, and deliberately and repeatedly committed them to writing. He addressed a letter to his own young daughter, in which he charged his wife with adulterous and lascivious conduct, couching the accusation in terms which even a grossly depraved man would hesitate to use in addressing a common prostitute. He tortured the plaintiff by repeated written threats of suicide, coupled with accusations, open or veiled, of marital infidelity. Some of these writings were addressed to others, and some to the public. He removed the receiver from the telephone to prevent her holding conversations with neighbors. Without her consent he obtained possession of his wife's keys, opened her private desk or safety deposit box, and took possession of a note for $600, which he had given her for money she had lent him soon after they were married. When his wife's sister, who was visiting the family, occupied a bed with the plaintiff, defendant forced himself into the bed with them, and according to the two women he sought then and there to have intercourse with the sister, which she resisted, and finally, with the plaintiff, was driven from the room. The essential features of this testimony he admits, and says they had a "rotten time." He approached the hired girl with indecent proposals. On several occasions plaintiff was driven to leave her bed and room and pass the night with the domestic or with her daughter. It appears, not only from the wife's testimony, but from the admissions of the defendant and from the nature of his complaints in writing and otherwise, that he was inclined to brutal sexual excess. It is more than likely that this conduct produced in the plaintiff, who appears to be a woman of some education and refinement, a feeling of intense repugnance, which she could not always repress. She would have been more than human and less than a woman of normally decent instincts had it been otherwise. He appears to have been incapable

of explaining to his own mind a refusal or avoidance of his demands in that direction, except upon the theory that his wife was reserving her favors and embraces for others than himself, and he charged her with adultery with his own brother and the family physician and others. Of the truth of these charges there is not the slightest support in the record, except as it is insinuated in the testimony of a single witness. The general moral character of that witness was thoroughly impeached, and his story upon the face of it bears the stamp of improbability. There is much more testimony tending to support the plaintiff's allegation of cruel treatment at the hands of her husband; but we shall not burden this opinion with its further recitation. It is enough to say that as a whole the record reveals physical maltreatment and abuse of the plaintiff at the hands of her husband, coupled with deliberate injury to her self-respect and peace of mind, such as no woman of average strength and sensitiveness could bear for any great length of time without endangering her life or reason. The decree adjudging her entitled to a divorce has our full approval.

Concerning the alimony allowed, if we were to take for granted the correctness of appellant's statement that the net value of his property is only about $15,000, we might be induced to think that the allowance of $5,000 was excessive. But in our judgment he clearly underestimates the value of his estate, and then reduces his net worth by a more or less doubtful claim of large indebtedness, the greater part of which he says is held by his immediate relatives. He has a farm of some five hundred acres, which is well stocked with horses, cattle, sheep, and hogs, and we are satisfied that if his property is to be estimated at its full market value, and the "water" extracted from his alleged liabilities, it would be found to exceed his estimate very largely. We are not disposed to interfere with the judgment for alimony. The attor-

·ney's fees allowed by the trial court are not so large that we are inclined to interfere with them. Except such as have already been allowed, no other or additional attorney's fees will be assessed upon this appeal. Plaintiff having already received an allowance under order of this court for expenses in preparing her case for this court, the cost of her printing will not be taxed.

For the reasons stated, the decree below will be affirmed, and the costs, except costs of plaintiff's printing, will be taxed to the defendant.—*Affirmed.*