[Crim. No. 699. Second Appellate District, Division Two.—April 14, 1920.]

THE PEOPLE, on Behalf of GUADALUPE and ELVIRA GUTIERREZ, Alleged Wards, etc., Respondent; TOMAS GUTIERREZ, Appellant.

[1] PARENT AND CHILD—CAPABILITY OF FATHER TO EXERCISE PROPER CONTROL—EVIDENCE—FINDING.—On this proceeding to secure an order of the superior court, sitting as a juvenile court, declaring certain minors to be wards of said court, and taking them from the custody and control of their father, although the evidence showed that the grandmother of the children was so situated as to give them better attention and more wholesome surroundings than they were likely to receive under the arrangements made by the father for their care and custody, there was no evidence to support the finding of the court that they had no parent or guardian capable of exercising proper parental control. It is only in instances where there is demonstrated incapacity or something akin to criminal neglect that the law is justified in interfering with the natural relations of parent and child.

APPEAL from an order of the Superior Court of San Diego County declaring certain minors to be wards of said court. S. M. Marsh, Judge. Reversed.

The facts are stated in the opinion of the court.

E. F. Du Fresne for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and Thomas A. Wood for Respondent.

SLOANE, J.—This is an appeal from an order of the superior court of the county of San Diego, sitting as a juvenile court, declaring Guadalupe and Elvira Gutierrez, minors, to be wards of said court, and taking them from the custody and control of their father, Tomas Gutierrez, appellant herein.

[1] The only averment upon which jurisdiction could be maintained to declare these minors wards of the court is

_____

1. Father's right to custody of child, notes, 34 Am. Rep. 698; 40 Am. Rep. 327.

contained in the following allegation of the petition: "That said Guadalupe and Elvira Gutierrez have no parent or guardian capable of exercising proper parental control." The court, in its order committing the minors to the care of their grandmother, under the custody of the probation officer, finds that all of the allegations of the petition are true. In the hearing on writ of *habeas corpus* in this same matter, we held that this finding was sufficient to sustain the order. On this appeal the issue is presented on the sufficiency of the evidence to support this finding. We think the evidence is insufficient.

It was shown by the testimony, without dispute, that at the time of commencing this proceeding the minors, who are girls aged respectively one and three years, were in the custody of their father. The mother is dead, and the children had for some time been in the immediate care of the maternal grandmother, with the father's consent, and under an arrangement whereby he paid for their keep. Some two or three months prior to this proceeding the father took them from the grandmother, owing to some personal differences which had arisen between the two. He at first kept them at his home, with the help of a woman he employed, but later sent for and paid the transportation of a brother and his family, who lived in New Mexico, to come to San Diego and live with him and make a home for himself and the children. They were all living together under this arrangement when this proceeding · was commenced. It is undisputed that the father is an industrious man, earning good wages, affectionate with the children, spending his money freely to provide for them, and able and willing to care for them. There is nothing to indicate that the care and custody given these minors by their father is not as good as ordinarily falls to the lot of families in the same station in life. There was some evidence tending to show that the children were well and affectionately cared for by the grandmother, and that she was so situated as to give them better attention and more wholesome surroundings than they were likely to receive under the arrangements made by the father. It is quite evident from the remarks of the trial judge, shown in the transcript of the proceedings, that it was this circumstance that influenced his decision to take the children from the father and place them

in the custody of the probation officer under the immediate care of the grandmother. But there is neither any allegation in the petition nor finding in the order of commitment to justify depriving the father of the custody of his children on the ground that their welfare demanded that the father be deprived of their custody. Section 9b of the juvenile court law provides that "no ward of the juvenile court as defined in this act shall be taken from the custody of his parent or legal guardian without the consent of such parent or guardian unless the court shall find such parent or guardian to be incapable of providing or to have failed or neglected to provide proper maintenance, training and education for said person; or unless said person has been tried on probation in said custody and has failed to reform, or unless said person has been convicted of a crime by a jury, or unless the court shall find that the welfare of said person requires that his custody be taken from said parent or guardian." The findings thus required are necessary to support the order of commitment, and must regularly appear of record. (*In re Brodie*, 33 Cal. App. 751, 753, [166 Pac. 605].) As has already been pointed out, the only finding in this matter is that the minors "have no parent or guardian capable of exercising, proper parental control"; and we have held that this finding is not supported by the evidence.

Moreover, we question if the evidence presented in the record is sufficient to justify a finding that the welfare of the minors requires that their custody be taken from the father, if such an allegation had appeared in the petition, or such finding had been made. The juvenile court law certainly does not contemplate the taking of children from their parents and breaking up family ties merely because, in the estimation of probation officers and courts, the children can be better provided for and more wisely trained as wards of the state. Probably from mere considerations of healthful and hygienic living and systematic education and training this would be true in the cases of thousands of families of wealth and respectability. We think it is only in instances where there is demonstrated incapacity or something akin to criminal neglect that the law is justified in interfering with the natural relations of parent and child.

Notwithstanding we are fully satisfied that the juvenile court was actuated by its desire that these children should have a better home than the father was likely to provide, we are convinced that neither the law nor the facts in the case justified the order appealed from.

The order is reversed.

Finlayson, P. J., and Thomas, J., concurred.