MARY E. SMITH, Appellee, v. J. G. SMITH, Appellant.

**DIVORCE:** Alimony—Excessive Amount. An award to a wife of approximately one third of the property of the husband is not excessive, especially when the wife had the care of one minor and one invalid daughter.

**APPEAL AND ERROR:** Unnecessary Abstract—Taxation. Cost of printing unnecessary abstracts will be taxed to the offending party.

*Appeal from Davis District Court.*—F. M. HUNTER, Judge.

FEBRUARY 7, 1922.

ACTION for divorce. Decree for plaintiff. Defendant appeals.—*Affirmed.*

*John F. Scarborough* and *Buell McCash,* for appellant.

*E. Rominger,* for appellee.

PRESTON, J.—1. In June, 1915, defendant brought an action for divorce against the plaintiff. Notice was served, but the parties continued to live together for about five years. Thereafter, and in August, 1920, plaintiff brought this action for divorce and alimony, alleging cruel and inhuman treatment. By agreement, the cases were tried together. At the conclusion of the evidence, the court held that there was condonation in the action brought by defendant, and dismissed his petition. Defendant has not appealed from such dismissal.

1. DIVORCE: alimony: excessive amount.

Plaintiff is about 55, and defendant two years her senior. They lived together about 33 years. They raised eight children, all now adults except one. Some of them side with the mother, and others with the defendant. During substantially all their married life, there was quarreling, abuse, threats, beatings, and so on. It may be true, as contended by appellant, that plaintiff was partly to blame, but the evidence abundantly supports the decree for plaintiff. Appellant says in argument that he is not contesting the granting of the divorce; that divorce is the best solution of the difficulty; that he is satisfied with a dissolution of the marriage bond. Under the circumstances, we shall not detail the evidence on this question. Indeed, it is not our practice to do so upon questions of fact, where, as here, a large' number of witnesses were examined, and the record is voluminous.

Appellant's contention is that the alimony awarded is excessive; that the value placed upon the property by the court was more than the evidence warranted; that certain notes upon which defendant was surety were not considered by the court as liabilities, and proper deductions made; that plaintiff's conduct and the comparative fault of the parties are material and should be considered as bearing upon what is an equitable division of the property, and so on. On this they cite *Closz v.*

*Closz,* 184 Iowa 739. In that case, the wife was awarded substantially one third of defendant's property, though it is said in the opinion that plaintiff was not, in all respects, a model wife; that she fell below the average in meeting her marital duties; and that, while this did not justify the conduct of defendant, it was a matter proper to be considered in fixing the alimony. In the instant case, the court awarded plaintiff approximately one third of the property. It is not practicable, in divorce cases, to figure the property and division to a nicety, and divide dimes and pennies. An approximation is the best that can be done. The statute, Code Section 3180, provides that the court shall make such an order as to property as shall be right. *Brett v. Brett,* 191 Iowa 262. Plaintiff was industrious and frugal. She helped accumulate the property, though a very small amount was inherited by each. It appears that, at an early period in their married life, the parties entered into an arrangement by which plaintiff was to have the income from the poultry, eggs, butter, and cream produced on the farm. The girls and defendant helped her with the poultry and milk. She claims that, in the last five years, she took in more than $5,000 from her sales, all of which she expended on the family, except $1,500. She also says she looked after the horses, calves, hogs, sheep, and grain. There is more or less dispute in the evidence on all points; but the fact remains that she was, as stated, industrious and frugal. The property consisted of 172 acres of land and a considerable amount of live stock and other personal property. There was a mortgage incumbrance of $3,000 upon the land, which the court apportioned, requiring plaintiff to pay $1,000 of it, and accumulated interest. The value of the land was in the neighborhood of $100 an acre,—perhaps a little more. Plaintiff was awarded 72 acres of the land. The improvements are on this 72 acres. The land, however, is not as good as the part awarded to the defendant, there being but 15 or 20 acres under cultivation. Substantially all of the land awarded to defendant is under cultivation, and he was awarded substantially all of the stock. Defendant has no one to support; while two daughters, one 15 years of age and the other an invalid, and of age, remain with the mother. The court found the value of all property to be approximately $24,000, after deducting liabilities.

Defendant had signed seven or eight notes, ranging from $32 to $2,000, as surety, largely for his sons. Though he was, no doubt, as contended by appellant, liable thereon, he was liable only as surety, and the evidence is not such as to show that he will be called upon to pay any of the said notes. These notes were not considered as liabilities of the defendant by the trial court, in fixing the net value of the estate. The court properly so held. The defendant preferred and offered to pay alimony in cash. Appellee contends that the reason for this was that there was collusion, or a purposed collusion, with the mortgagee and others, to escape payment of cash alimony, had it been awarded. However this may be, the trial court indicated that it would be advisable to give plaintiff some of the land, because she would have no other means of livelihood, and at her age was not fitted for anything else than raising poultry, keeping a few cows, etc. The court awarded her two cows, one brood sow, two shoats, milk cans, household furniture, some feed, and so on. It is often advisable, and it may be said that, as a rule, it is the better way, to award cash alimony in a lump sum or at stated periods; but there is no rule of law requiring this. *Hartl v. Hartl,* 155 Iowa 329, and other cases, approve a division of the land. We think it was proper, under the circumstances of this case, to do so. In the *Hartl* case, cited, the alimony awarded the wife was more than the property awarded to the husband.

The decree requires each party to pay their own attorney fees. Other minor details of the decree need not be stated. It suffices to say that, after an examination of the record, we hold that the judgment and decree appealed from ought to be affirmed.

2. Appellant has moved to retax the costs of appellee's additional abstract. The abstract contains 236 pages, and the additional abstract, 95. Appellant's argument and discussion of the evidence consists of nearly 200 printed pages, and proceeds upon the assumption that the evidence as set out in the abstract is the evidence introduced. But it seems to us that the evidence is shaded somewhat, as printed by appellant. For instance, the evidence of plaintiff's witnesses in chief is set out in brief

2. APPEAL AND ERROR: unnecessary abstract: taxation.

form, and the cross-examination more fully; but in printing the evidence on behalf of defendant, the contrary is true, and the evidence in chief is set out quite fully, and the cross-examination is somewhat abbreviated. It was proper enough' for appellee to file an additional abstract, in order to present the case according to their own notion, and yet it seems to us that some parts of the additional abstract were unnecessary, setting out questions and answers, at least as fully as was done. It is difficult to determine exactly, but we think that the cost of printing 30 pages of the additional abstract should be taxed to appellee.— *Affirmed.*

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.