PANSY TWOMBLEY, Appellant, v. E. C. TWOMBLEY, Appellee.

No. 44830.

178

October 17, 1939.

G. C. Stuart and A. V. Hass, for appellant.

O. M. Slaymaker, R. E. Killmar, and D. D. slaymaker, for appellee.

Sager, J.—Plaintiff, as the basis of her action, charged cruel and inhuman treatment. Defendant filed a general denial and resistance to the allowance of alimony. Before the trial commenced, defendant admitted that plaintiff was entitled to a divorce and offered no evidence to mitigate or excuse the charges made by the plaintiff. The contest before the trial court turned wholly on property rights.

The decree made the following disposition of the property rights: It awarded to the plaintiff, a certain 80 acres of real estate, the original homestead of the parties, free from encumbrances. It gave plaintiff judgment for $2,000; the household goods, except some personal effects which were allowed to the defendant. It gave to the plaintiff the dwelling house in which the plaintiff was then living (not the real estate above described). It required the defendant to pay $25 a month for the support of a minor daughter of the parties, to be paid until the daughter reached the age of 18 years. It required the defendant to pay the debt due a certain business house, amount-

ing to $325, and to pay costs, and attorney fees in the sum of $250. The rest of the property was decreed to belong to the defendant. Before the final decree the court had allowed temporary alimony in the sum of $500, making the total award to plaintiff $8,350. This was approximately one third of the valuation of defendant's property as the court found it to be. Plaintiff says it isn't enough and that the award to her is disproportionate to the amount that would have been awarded her had the trial court taken proper account of the principles which apply in divorce cases. These, she asserts, are the considerations which should enter into the determination of a proper award:

''1. The relative degree of blame attributable to each of the parties as reflected by their entire conduct towards each other.

''2. The property accumulated as a result of their joint efforts.

''3. The resources of the parties as well as the wife's necessities.

''4. The respective future earning capacity of each of the parties.

''5. The condition of health of each of the parties.''

To support these contentions, she cites:

Parizek v. Parizek, 210 Iowa 1099, 229 N. W. 689; Mitvalsky v. Mitvalsky, 191 Iowa 8, 179 N. W. 520; Closz v. Closz, 184 Iowa 739, 169 N. W. 183; Mitchell v. Mitchell, 193 Iowa 153, 185 N. W. 62; Saunders v. Saunders, 211 Iowa 976, 234 N. W. 830; Vey v. Vey, 150 Iowa 166, 129 N. W. 801; and Brett v. Brett, 191 Iowa 262, 182 N. W. 241.

As against these, the defendant cites:

Zuver v. Zuver, 36 Iowa 190; Barr v. Barr, 157 Iowa 153, 138 N. W. 379; Arment v. Arment, 154 Iowa 573, 134 N. W. 616; Hartl v. Hartl, 155 Iowa 329, 135 N. W. 1007; Halley v. Halley, 130 Iowa 683, 107 N. W. 807; Fitch v. Fitch, 207 Iowa 1193, 224 N. W. 503; Ellsworth v. Ellsworth, 218 Iowa 957, 256 N. W. 690; Black v. Black, 200 Iowa 1016, 205 N. W. 970; Smith v. Smith, 192 Iowa 1358, 186 N. W. 632; Luedecke v. Luedecke, 195 Iowa 507, 192 N. W. 515; and Doolittle v. Doolittle, 166 Iowa 625, 147 N. W. 893.

 These cases, so far as they relate to the subject before us, do no more than lay down general principles applicable to cases like this. Their import is summed up in Ellsworth v. Ellsworth, 218 Iowa 957, 959, 256 N. W. 690, 691, wherein Kintzinger, J., speaking for the court, quotes from Black v. Black, 200 Iowa 1016, 205 N. W. 970, as follows:

" 'The court does and should take into consideration the sex, age, health, future prospects of the parties, the private estate of each, the contributions of each to the joint or accumulated property, * * * *the earning capacity of each,* their respective incomes, and their respective indebtedness. These and other facts pertaining to the case are sufficient to enable a court to arrive at a just, fair, and equitable decision in the matter.' "

In the same case this is quoted with approval from Fitch v. Fitch, 207 Iowa 1193, 224 N. W. 503:

" 'Resultantly, each case must stand upon its own facts.' "

 That the trial court had in mind these decisions is evident from a statement appearing in an opinion filed in the court below. The record discloses the property owned by the defendant consists very largely of farm lands in Clarke county. There appears the usual differences of opinion as to values, rendered more doubtful and uncertain by reason of the present state of the real-estate market, if there be any, and other conditions which cast light upon the values to be placed upon real estate. The trial court was compelled to reach a result which, in the nature of things, could not be demonstrated with mathematical accuracy. The plaintiff disagrees, but we think the court was warranted in its conclusion that the greater portion of the real estate, while standing in the name of the defendant, was in fact only partially owned by him. In some cases his interest was found to be one half; in others, one third; in two pieces, sole ownership was found in him. One of these was a homestead which was awarded the plaintiff upon a valuation of $4,800, although her own witnesses fixed it at $8,000.

No good purpose would be served by a discussion or analysis of the findings of the trial court with reference to the various items of property. It is sufficient for our purpose that a careful examination of the record persuades us that the decree of

the trial court was as nearly equitable as it was possible to make it. If the defendant's worth was in liquid assets so that a percentage of certain value might be awarded, it may be that the court would have been justified in fixing a sum larger than was here allowed. But, as we read this record, if the trial court had made an award in kind of one half of defendant's property, she would be much worse off than she is under the present decree. At any rate, we have not been able to bring ourselves to the view that equity and a just regard for the rights of the parties demand a modification or reversal of the decree of the trial court. It should be, and it is, affirmed.—Affirmed.

OLIVER, C. J., and MILLER, HAMILTON, STIGER, HALE, MITCHELL, BLISS, and RICHARDS, JJ., concur.