**MILLER, Jr., Plaintiff, v MILLER, Defendant-Appellee, MILLER, Sr., et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Jefferson County.

No. 1005. Decided May 29, 1947.

Nathan Stern and Randall R. Buchanan, Steubenville, for Mary Lois Miller, defendant-appellee.

Smith, Francis & Irvine, Steubenville, for Frank S. Miller, Sr., and Bessie M. Miller, defendants-appellants. ·

## OPINION

By PHILLIPS, J.

Frank S. Miller, Jr., the son of Bessie M. and Frank S. Miller, Sr., plaintiff in an action for divorce against defendant, was granted a divorce from her in 1942 on the grounds of gross neglect of duty and extreme cruelty.

By agreement of the parties custody of Marcia R. Miller, a minor child of the parties, was awarded to plaintiff exclusively, and in that action defendant was enjoined from

interferring in any manner with plaintiff in the care, control, custody, and education of such minor child.

Subsequent to such divorce plaintiff and Marcia, now aged about eight years, lived with his parents, Bessie M. and Frank S. Miller, Sr., hereinafter referred to as the grandparents, until he entered the armed forces of the United States in 1943, and Marcia continued to live with them until 1946.

Plaintiff was declared officially dead by the War Department of the United States in 1945, and defendant, who remarried in 1943, filed a motion in 1946 for modification of the order of the court of common pleas awarding Marcia's custody to plaintiff on the ground that by reason of plaintiff's death conditions had changed since the decree of divorce was granted.

The grandparents were made new parties to the original action by motion for the purpose of obtaining continued custody of Marcia.

Upon hearing a judge of the court of common pleas sustained defendant's motion for modification of the former order of that court, and awarded Marcia's custody to defendant, with the right to the grandparents to have her visit in their home for the entire month of July each year, and it is from that order of the court of common pleas that the grandparents appeal to this court on questions of law, and claim that the judgment of the court of common pleas "is so against the manifest weight of the evidence that an abuse of discretion appears therein"; and contend that the trial judge "erred in overruling appellants' motion for a new trial and in entering judgment on its former finding"; that such judgment is contrary to law; and that there are "other errors intervening at the trial of this cause which are apparent on the face of the record."

There is evidence that the grandparents, who are estimable people, in their middle fifties, and who were financially able to do so, have throughout the years assumed the burden of Marcia's custody, furnished, and will continue to furnish, her with a good home and education, and a reasonably secure future, and have become deeply attached to her during the years she has lived with them.

In our opinion there is insufficient evidence of probative value in the record submitted to us for review to support the grandparents' contention that defendant is an unfit person to have custody of Marcia or that the best interests of the child will not be best subserved by confiding her custody to defendant, even though on one occasion prior to divorce from plaintiff she left Marcia with her grandparents and went, unaccompanied by her husband, on a five day pleasure trip

564

to a place then unknown "because she was fed up with my home life", and was seen embracing a man, not her husband, on a "dark street corner" in the city of Steubenville, Ohio, after divorce, which she denied. On the contrary, Bessie M. Miller testified "she was a good mother as long as she had Marcia", and Frank S. Miller Sr., and other witnesses, testified she was a good mother and never neglected Marcia.

We are satisfied from the evidence contained in the bill of exceptions that from a financial standpoint the grandparents can furnish Marcia a better home and a more secure immediate future than defendant can, as the record discloses that at present she is not financially very well off and her financial future is rather uncertain as her husband is in the United States Navy and has never been employed in civilian life. However the affluence of the grandparents who owe Marcia no legal duty is not controlling as against the care and interest of defendant.

Marcia's present and future interest controls the judgment and directs the discretion of this court, as it did the court of common pleas, which are not restrained by any supposed absolute right of custody in either parent.

Marcia's welfare is of paramount consideration, and it is the duty of the courts to direct her custody where her best and highest interest will be subserved.

As suggested, the grandparents, with whom Marcia has been living for some time, and whose affection for and ability to give her a good home are not questioned, although Frank S. Miller, Sr., testified in substance that he was a moderate drinker and admitted paying a fine of $50.00 for intoxication. However in the absence of a showing of defendant's unfitness, morally and financially and otherwise to have the care, control and custody of Marcia it is her natural right to have the first privilege to nurture and care for her own child, based upon the common experience that the child's best interests are ordinarily served when assured the love, care and attention of her mother all other statutory requirements having been complied with.

The bill of exceptions has been read, the law applicable to the case cited by counsel for the respective parties, as well as that found applicable as the result of independent research, has been studied, and the conclusion is reached that the trial judge did not err prejudicially to the grandparents as urged by their counsel in the cited assigned grounds of error, other than those "apparent upon the face of the record" upon which we do not pass since our attention has not been called to them.

The trial judge saw the parties and witnesses, heard them testify, and had the opportunity, which this court is denied, of judging their characters and qualifications to assume custody of Marcia and provide her a good home; and in view of the record in this case, which we can not say is so manifestly against the weight of the evidence as to shock our conscience, we can not disturb his judgment, in arriving at which we assume he followed the provisions of §8033 GC, even though defendant intends to take Marcia to another state and without the jurisdiction of the court of common pleas.

The judgment of the court of common pleas is affirmed.

CARTER, PJ, NICHOLS, J, concur in judgment.