Jo ANN VOY, appellee, v. AUGUST D. VOY, appellant.

No. 47618.

(Reported in 41 N.W. 2d 869)

Lundy, Butler & Lundy, of Eldora, for appellant.

No appearance for appellee.

OLIVER, J.—Both Mrs. Voy's petition and Mr. Voy's cross-petition prayed divorce on the ground of cruel and inhuman treatment. The court awarded the divorce to Mr. Voy in May 1949. Both parties sought custody of their three children, Tommy then age eight; Darlene, almost six, and Eva Louise, one year and nine months. The three have been with Mrs. Voy since the parties separated.

The judgment entry recites, "that the temporary custody of the children should be awarded to the plaintiff [Mrs. Voy], but that such custody is temporary only, such that in the event the plaintiff misuses the children or conducts herself in an improper manner toward the children, particularly in the field of violence toward them or cursing them that the matter of custody be brought again before the court for further consideration." Accordingly Mrs. Voy was awarded custody of the children. Mr. Voy was granted visitorial privileges. Mrs. Voy was awarded the household goods and furniture, the milch cow, four hogs, the chickens, and the use of the home. Mr. Voy was required to pay taxes and future installments of the purchase price of the home and $50 per month for the support of the children.

Mr. Voy appealed from all parts of the judgment except that part granting him the divorce. However, his complaint is based solely upon the award of the custody of the children to Mrs. Voy.

The parties were married in 1940. Mrs. Voy had been previously married and her son Larry, born about 1934, lived with them until 1948 when his custody was secured by Mrs. Voy's parents. Immediately after their marriage the Voys lived with Mrs. Voy's parents for about six months. For several years thereafter they lived in a house trailer, traveling from place to

place. The two older children were born during this period. For the next three years they lived on a four-acre tract near Hampton which they bought for $2300. They sold this for $4500. After that they occupied and operated a farm near Aredale for about a year and a half. They then bought a house in Charles City for $2000, lived there for a year and one half and sold it for $4500. Thereafter they lived in a rented house in Aredale two months and in New Hartford two months. Next they went to California where they lived in a trailer for several months. Returning to Iowa they lived for short periods at the home of Mr. Voy's brother, Mike, in a cabin camp at Iowa Falls and in a trailer camp at Alden. In October 1948, they bought a seven-acre tract at Oakland Valley and lived there until they separated. The purchase price of this property was $4200, of which they paid $2200. Mrs. Voy and the children now occupy this place.

For about a year and one half after the parties were married, Mr. Voy traveled about the state, selling subscriptions to a farm magazine. Later he was a traveling salesman for certain distributors of livestock food and minerals. Subsequently he traveled selling nursery stock. Mrs. Voy testified he always provided food for the family but never provided clothes and that the clothes worn by the children and Mrs. Voy were "hand-me-downs" given by Mrs. Voy's sister and others.

The immediate cause of the separation appears to have been disagreements over relatively minor matters which eventually culminated in physical encounters. Since the divorce Mr. Voy has lived with his mother, a brother and two spinster sisters on a rented farm. Mr. Voy shares with the brother and two sisters in the operation of this farm. He contends the children should have been placed in this household in the custody of one of his sisters or himself.

In determining the custody of minor children of a divorced couple the paramount consideration is the welfare of the children. Maron v. Maron, 238 Iowa 587, 591, 28 N.W.2d 17; Herr v. Lazor, 238 Iowa 518, 28 N.W.2d 11. As pointed out in Bell v. Bell, 240 Iowa 934, 936, 38 N.W.2d 658, 659, the rule is easily stated but difficult to apply.

Mr. Voy contends Mrs. Voy is not a fit person to have the

custody of her children. It is charged she is impulsive and lacking in emotional balance and that she treated the children roughly and cursed in their presence. However, the evidence was in dispute and it is apparent the trial court did not give full credence to these charges. It may be said Mr. Voy also was charged with rough treatment of the children and improper language. The record shows strong bonds of affection between the mother and children and that after the separation she kept them together in the home, cared for their physical needs, aided in their moral and spiritual education and required the older children to attend school.

As an aid in determining the custody of children in a particular case courts have frequently resorted to a presumption that, save in exceptional circumstances, the mother is best fitted to care for children of tender years. Maron v. Maron, 238 Iowa 587, 591, 592, 28 N.W.2d 17, 19, 20; Bell v. Bell, 240 Iowa 934, 939, 38 N.W.2d 658, 660. It is clear this case was considered (and, we believe, properly) in the light of this so-called presumption. The judgment recites:

"The court is not entirely satisfied that the plaintiff is a proper person to have the custody of the children but, on the other hand, the court is unwilling to take the custody of children of tender years from their mother, and this is true in spite of the fact that having due regard for the testimony heard and the weight thereof and the credibility of the witnesses, the plaintiff's attitude as the mother of the children leaves much to be desired."

If the children were to be kept together as a family, the court was required to choose between the alternatives presented, neither of which appears to have been ideal. Bell v. Bell, 240 Iowa 934, 939, 38 N.W.2d 658, 661. In divorce proceedings the care and custody of the children is a question addressing itself to the sound discretion of the trial court. Slattery v. Slattery, 139 Iowa 419, 116 N.W. 608; Wood v. Wood, 220 Iowa 441, 447, 262 N.W. 773; Maron v. Maron, 238 Iowa 587, 591, 28 N.W.2d 17. The trial court saw and heard the parties and their witnesses and is in a position to evaluate their testimony more

accurately than can this court. The record does not show an abuse of discretion on the part of the trial court which would warrant our interference with the judgment.—Affirmed.

All JUSTICES concur.