ROWE, Plaintiff-Appellee, v. ROWE et, Defendants-Appellants.

Ohio Appeals, Second District, Franklin County.

No. 4407. Decided October 3, 1950.

Hamilton & Kramer, Columbus, for plaintiff-appellee.
Abraham Gertner, Columbus, for defendant-appellant, Fred W. Rowe.

## OPINION

By HORNBECK, J.

In May, 1948, the defendant, Fred W. Rowe, was granted a decree of divorce from the plaintiff. The custody of the children of the parties, Georgia, aged eight, Judith Ann, aged five, and Fred W. Rowe, Jr., aged four, was awarded to Eva J. Brown, their maternal grandmother. In this respect the decree provided, "By further agreement of the parties it is ordered that the custody, care and control of said minor children shall be placed with Eva J. Brown, their maternal grandmother with reasonable rights of visitation in both parties." The decree continues, "By agreement of the parties heretofore made, which agreement is hereby incorporated and made a part of this decree of divorce, it is ordered that the defendant, Fred W. Rowe, shall pay to the said Eva J. Brown,"

etc. (Then follows the amount to be paid.) The cause was then certified to the Juvenile Branch of the Common Pleas Court, Division of Domestic Relations, for all further proceedings in regard to the care, custody and control of the minor children.

On November 23, 1949, the defendant moved the court "for an order modifying the previous order of this court by awarding him the custody of the minor children of the parties." The matter came on for hearing on the motion and the court heard a number of witnesses as to any conditions which had changed since the custodial order. The court refused the motion of the defendant. From this order the appeal is taken, and here two principal questions are urged:

First, that the award of the custody of the children to the mother of the plaintiff was without authority of law and void because not in conformity to §8033 GC;

Second, if the order was valid when made the court erred in not modifying it and awarding the custody of the children to the defendant.

Plaintiff cites and relies upon §8033 GC and cases, several of which were decided by this court. These cases are **Dailey v. Dailey, 146 Oh St 93; Baker v. Baker, 85 Oh Ap 470; In re Duffy, 78 Oh Ap 16; Ludy v. Ludy, 84 Oh Ap 195; Luebkeman v. Luebkeman, 75 Oh Ap 566; Miller v. Miller, 50 Abs 561;** and **Tanner v. Tanner, 78 Oh Ap 178.** Quotations from the cases are freely set out in appellant's brief, characteristic of which is that from **In re Duffy, 78 Oh Ap 18, 19:**

"When it is found that the parent is a suitable person and the fitness of the home is not in dispute and such parent is able and willing to support and care for such child, the parent's right is paramount to that of all other persons."

This statement is true under the facts of that case, because of the provisions of §8033 GC, which expressly provides that upon hearing of testimony respecting custody of children the court shall take into account that which would be for their best interests, except that, "if such children be fourteen years of age or more, they may be allowed to choose which parent they prefer to live with, * * *, provided that if the court finds with respect to any child under eighteen years of age that neither parent is a suitable person to have the custody of such child the court shall, with the consent of the Juvenile Court, certify a copy of its findings * * *, to the Juvenile Court for further proceedings according to law,

* * *." An examination of the cases cited discloses that in every instance the parents were in adverse relation to each other and both insisting that he or some person other than a parent be awarded the custody. In other words, in all instances one of the parents was asserting and demanding that he be given custody of his own children. It is in this situation where we and other courts have held that a child may not be taken from either or both parents unless it first be determined that he or they are unfit persons to have his custody. We know of no case and none is cited which holds that parents may not agree to waive their right to the custody of their children. This, of course, would not be controlling upon a court which would have the authority to determine custody, but it would be binding upon a parent who so agrees.

Our Supreme Court as early as **Clark v. Bayer, 32 Oh St 229,** held that an agreement between husband and wife that the custody of their child should be given to a third person was enforceable, subject only to judicial determination that the custodian was in every way a proper person to have the care, training and education of the child. That one during trial may waive a known right is a principle well recognized in the law, even in a criminal case where a constitutional right is involved. **State, ex rel. Warner v. Baer, et al., 103 Oh St 585.**

"As a general rule, a person may waive all personal rights or privileges to which he is individually entitled, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided the waiver does not constitute a violation of public policy." **40 O. Jur. 1235.**

At the time of the divorce decree it must be assumed that both parties knew of their rights respecting the custody of their children. They then acquainted the court with the fact that they had agreed and the nature of this agreement was such that both then relinquished their rights under the statute to have the care and custody of their children.

It is urged that no contract between the parties appears, but the language of the decree implies that there was a contract. The agreement is a contract supported by consideration moving from one party to the other.

We cannot say that the Common Pleas Court is so restricted in its jurisdiction that it may not take cognizance of, and act upon, an agreement of parents affecting the custody of their children. The authorities and cases cited by appellee support the conclusion that such an agreement is binding on the parents. Nelson, Divorce and Annulment, Vol. 2, 2nd Ed. 201, 202, 203; 27 C. J. S. 1177; Slattery v. Slattery (Ia.), 116

N. W. 608; Connett v. Connett, (Neb.) 116 N. W. 658; Clark v. Bayer, supra.

The court had jurisdiction to make the custodial order and it was not void.

On the second question we would not disturb the conclusion of the trial judge that there had been no sufficient change in circumstances as to require modification of the custodial order. The judgment may well be supported by the factual development.

We find no other assignment of error well made. The order will be affirmed.

MILLER, PJ, and WISEMAN, JJ, concur.