### ROUTA, Minor, In re.

Probate Court, Cuyahoga County.

No. 513328.   Decided December 5, 1955.

William J. McDermott, Cleveland, for applicant.
Phillip C. Barragate, Ernest A. Gottermeyer, Cleveland, contra.

## OPINION

By MERRICK, J.

This matter is before the Court on the application for appointment of a guardian of the person of Deborah Routa, a child of the age of six years. The applicant is Mrs. Ruth Ferrier, an aunt of the child, whose mother died at childbirth. The father of the child opposes the granting of the application.

Since birth, the aunt has had custody and care of this child by arrangement with the father who has paid for its maintenance under an arrangement with the aunt. The father has indicated a desire to take the child and this has led to the filing of the application for guardianship.

All the evidence indicates that the aunt has given the child excellent care and attention and has bestowed upon her the love and affection of a maternal relationship. There is no evidence that the father cannot provide the child with an adequate home and support. Much evidence and argument has been directed to the claim that the child will have difficulty adjusting herself to a new home and strange surroundings and that it would be for the best interest of the child to leave her in the care of her aunt rather than move her to a new environment.

The evidence discloses that the mother died at the birth of the child. Whereupon the father asked the aunt to care for the child and a mutual understanding was arranged providing for the father to pay a weekly sum for the support of the child. By stipulation of counsel it

was agreed that the father has made all payments for such support and there is no claim of neglect or abandonment.

As a general rule, parents are entitled to the custody of their minor children. When the mother being dead it is found that the father is a suitable person and the fitness of the home is not in dispute, and such father is able and willing to support and care for his child, the father's right of custody is paramount to that of all other persons. **In re Duffy, 78 Oh Ap 16. Rowe v. Rowe, 44 O. O. 224, 58 Abs 497.** The parent or parents are entitled to the custody of a child if they are fit persons and the child is neither delinquent, neglected nor dependent. **Paddock v. Ripley, 149 Oh St 539.**

The affluence of a relative who provides a good home for a child with every promise of a secure future is not controlling as against the rights of a parent to have custody even though such parent might not be in a position to furnish as adequate a home or promising foreseeable future. It is the natural right of a parent to have the first privilege to nurture and care for his own child, based upon the common experience that the child's best interests are ordinarily served when assured the love, care and attention of a parent. **Miller v. Miller, 50 Abs 561.**

A parent who temporarily places a child with a relative does not waive any right to demand a return of such child at a later time. **Ohler v. Ohler, 31 O. O. 152.** Parents have a right to the custody of their children, the same as they have a right to the possession of property which they may acquire; and the fact that some one may think that the children can be reared better by some one else is no justification for judicial interference, because if this were the rule, there are thousands of children in this community, and in every other, whose parents upon this pretense would be deprived of their custody. **In re Konneker, 30 Oh Ap 510.**

The law certainly does not contemplate the taking of children from their parents because in the estimation of some persons, the children can be better provided for and more wisely trained otherwise. Probably from mere considerations of healthful and hygienic living and systematic education and training this would be true in the cases of thousands of families of wealth and respectability. It is only in instances where there is demonstrated incapacity or something akin to criminal neglect that the law is justified in interfering with the natural relations of parent and child. **People v. Gutierres, 47 Cal. App. 128.**

A parent has a right to the custody of his child against all other persons unless and until it is shown that the parent has relinquished his right to custody by contract, forfeited it by abandonment, or has lost it because of his unfitness or inability to provide a suitable home for the child. There has been no such showing in this case.

The application for appointment of guardian will be denied at applicant's costs. A journal entry may be drawn accordingly.