CORA O. EVANS, Appellee, v. W. E. EVANS, Appellant.

**Divorce:** INHUMAN TREATMENT: EVIDENCE. In the instant case, upon
1    a consideration of the evidence, the decree of divorce for plaintiff on
     the ground of cruel and inhuman treatment is sustained.

**Same:** ALIMONY: EXCESSIVE ALLOWANCE. The amount of alimony
2    granted a wife upon her application for divorce should not be
     measured by her necessities but by the property resources of the
     parties. The award in the instant case is held to virtually deprive the husband of their entire property, besides casting additional burdens upon him, and is modified on appeal.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

SATURDAY, APRIL 12, 1913.

THIS is an action for divorce on the ground of desertion and cruel and inhuman treatment. There was an appearance and resistance by the defendant. Upon trial had the district

court rendered a decree for the plaintiff, and the defendant appeals.—*Modified* and *Affirmed.*

*Miller & Wallingford* and *Oliver H. Miller,* for appellant.

*Strock & Wallace,* for appellee.

EVANS, J.—I.   It is conceded that the ground of alleged desertion for the statutory time was not proved.   The decree must rest therefore upon the ground of cruel and inhuman treatment.   These parties were married in 1879, and have lived in Des Moines the greater part of the time since such date.   Two sons were born to them.   These, at the time of the trial, were thirty-two and twenty-nine years of age, respectively.   The elder is married and lives in another city.   The younger is single and lodges and boards with his mother.   For many years the plaintiff has been a great sufferer from rheumatism, and has been comparatively helpless at various periods as a result of acute attacks.   The defendant is a traveling man, and has traveled the same territory for the same employer for a great many years.   Both parties have been industrious to the extent of their ability, and have been frugal in the use of the earnings of the defendant.   For a few years before the beginning of this action they became estranged in their affections for each other, and their relations seem to have been very unhappy.   An adequate reason for such estrangement previous to the alleged grounds of divorce is not apparent in this record.   This estrangement resulted in many bitter words on both sides and in some physical violence.   Were it not for the plaintiff's enfeebled physical condition, we would hesitate to find the evidence of cruel treatment sufficient to satisfy the statute as a ground of divorce.   Giving full credence to the testimony of the plaintiff as to two particular occasions, support is found therein for the decree in her favor.   These occasions involved some physical violence and

1. DIVORCE: inhuman treatment: evidence.

other harsh and threatening conduct, including the exhibit of a revolver. This testimony of the plaintiff was corroborated, but not strongly, and the matters testified to were partly denied and partly explained by the defendant. In view of the fact that we are not in as good a position to weigh this testimony as was the trial court by reason of the presence of the parties before such court, we think we ought not to interfere with the finding at this point. In view of this conclusion no useful purpose can be subserved by incorporating herein the details of the mutual grievances of the parties.

II.   Complaint is made by the appellant of the alimony provision of the decree. The parties had but little property. They had none when they were married. Prior to January, 1911, the monthly earnings of the defendant had not exceeded from $75 to $100 per month. They acquired a small home many years ago, and paid for the same at the rate of $25 per month. About nine years ago they disposed of that and purchased a better home, which they have occupied ever since. This home is worth about $4,000. There still remains unpaid of the purchase money thereof the sum of $1,300. $1,000 of this is in the form of a mortgage on the home, and the other $300 is in the form of a note, signed by both parties, and owing to the father of the plaintiff. This home and the household goods constitute all of the property of the family. The actual value of the household goods does not appear in the record, and is doubtless not considerable. The decree in the plaintiff's favor makes the following provision concerning alimony:  "(1) That the plaintiff have the absolute ownership of all the household effects and furniture used in the homestead; (2) that the plaintiff have a life estate in the homestead, which shall terminate only upon her death or remarriage; (3) that the defendant pay to the plaintiff $30 per month alimony until her death or remarriage; (4) that the defendant pay the taxes, both gen-

2. SAME: ali-
mony: excess-
ive allowance.

eral and special, upon the real estate constituting the home-
stead; (5) that the defendant pay the interest as the same
accrues upon any incumbrance that is now or may here-
after be placed by or through the defendant upon the home-
stead, and that the defendant keep said real property in-
sured in an amount not less than $2,500, and that said pol-
icy of insurance be payable, in case of loss, to the plaintiff
as beneficiary; (6) that the defendant pay the sum of $50
in full of a temporary order for alimony previously made,
and that plaintiff have judgment against the defendant
therefor; (7) that the plaintiff have judgment against the
defendant for attorney's fees in the sum of $100 and for
costs.''

The age of the plaintiff at the time of the trial was fifty
years. That of the defendant does not appear in the evi-
dence, but is stated in both briefs to be fifty-four years. It
will be noted from the decree that the only property right
reserved to the defendant is the remainder in fee of the
homestead after the termination of the life estate of the plain-
tiff. But, inasmuch as her expectancy of life extends a few
years beyond his, his prospects for the use and enjoyment
of any of the property are not alluring. In a practical sense
the effect of the decree is to award the plaintiff all the prop-
erty. In addition to that, the defendant is required perpetu-
ally to pay all taxes and special assessments thereon; to pay
all of the interest on the incumbrance, which, in effect, re-
quires him to pay the incumbrance; to maintain insurance
thereon, payable to the plaintiff; and, in addition to all this,
to pay plaintiff $30 per month for life. For the purpose of
meeting these charges which are laid upon him in the decree,
no available property whatever is left in his hands. If the
alimony could be measured by the necessity of the plaintiff,
it might well be approved. But it cannot be so measured. It
must be measured by the property or financial resources of
the parties. The contention of the appellee is that the future
earning capacity of appellant will be sufficient to meet these

charges. A few months before the trial below defendant's salary had been raised to $125 per month. The increase was professedly temporary, and the defendant had no claim upon it for any particular time. The future earning capacity of the defendant is necessarily uncertain. Its time of decrease is not very far away. The earning capacity of the homestead was lost sight of. This is estimated in appellee's brief as $30 per month. The plaintiff gets some revenue from her son, who lives with her, and who is earning $26 per week. Where the total value of the property is only $2,700, it would seem inequitable to require the defendant to maintain the plaintiff for all time in a $4,000 home. The difficulty that evidently confronted the trial court was that any division of the little pittance of property would leave the plaintiff in worse condition with a divorce than she was without one. Such is frequently the result in divorce cases, and it ought to receive advance consideration by a plaintiff.

What is plain to us now is that the provision for alimony for the plaintiff is excessive. Financial wisdom might well require the sale of the homestead, in view of the circumstances. To separate the beneficial use from the fee title is to render it practically unsalable and unavailable to either party, even for the purpose of security for loans. We think it ought to be awarded wholly to one party. A divorce must be a divorce, and the mutual relations and dependence of the parties should terminate as quickly as possible. *Baird v. Connell,* 121 Iowa, 278.

It is our conclusion that the homestead shall be awarded wholly to the plaintiff, and that she take it subject to the incumbrance of $1,000. The defendant will be relieved of the obligation to pay taxes and assessments thereon, or to maintain insurance thereon, or to pay the $1,000 mortgage thereon.

As between the parties, the defendant will be charged with the payment of the $300 note held by the father of the plaintiff and signed by both the parties hereto. If it be

that since the trial below the plaintiff has already paid such note, or if she shall pay or cause the same to be discharged, she shall be entitled to recover the amount thereof from the defendant.

In lieu of the provision for the payment of ·$30 per month by the defendant to the plaintiff for life, it is ordered that the defendant shall pay to the plaintiff the sum of $25 per month for three years from the date of the decree below, with interest at 6 per cent. per annum on deferred payment. If it be that since the trial below the defendant has paid monthly installments in pursuance of the decree entered below, credit will be allowed accordingly. The other provisions for alimony contained in the decree below are approved.

To the extent here indicated, the decree entered below will be modified and in all other respects affirmed. Appellant must pay the costs of the appeal.

*Modified* and *Affirmed.*