A. E. MAINE, Appellee, v. SARAH RITTENMEYER, Appellant.

APPEAL AND ERROR:   Pleading Evidence—Overruling Motion to
1  Strike—When Nonprejudicial.  Statements of evidence have no
proper place in a pleading and may be stricken on motion.  The
overruling of such motion is nonprejudicial, when the matters
stated as evidence are admissible on the trial.

ATTORNEY AND CLIENT:   Discharge of Attorney—Employment of
2  New Counsel—Amount of Recovery as Bearing on Value of Serv-
ices.  In an action by an attorney for services bottomed on the
theory that plaintiff had been employed by defendant, had
given valuable advice and was then discharged, evidence is
admissible (1) that defendant employed other counsel, (2) recov-
ered a verdict and (3) the amount thereof.  This is true because
(a) the employment of other counsel tended to prove his discharge
and (b) the amount of recovery bears on the value of the advice,
the action having been brought as plaintiff advised.

ATTORNEY AND CLIENT:   Calling Adversary's Attorney as Wit-
3  ness—Competency—Propriety.  It is neither unprofessional nor
erroneous in law to call the adversary's attorney as a witness
as to the value of services, etc.

ATTORNEY AND CLIENT:   Value of Services—Results Obtained—
4  Evidence.  The result secured by the client by following the
attorney's advice has material bearing on the value of the serv-
ices and such results may very properly be embodied in a hypo-
thetical question to an expert on the value of such services.

TRIAL:    Improper Argument Versus Improper Argument—Effect.
5  One cannot well complain of an improper argument which has
been provoked by his own improper argument.   .

TRIAL:    Special Interrogatories—When Properly Refused—Ultimate
6  Fact.  A special interrogatory should not be submitted unless
it calls for an ultimate fact.

TRIAL:    Special Interrogatories—Refusal—When Nonprejudicial.
7  When the fate of defendant's defense rested on one simple ques-
tion of fact which was clearly submitted to the jury in the
instructions and the verdict was adverse to defendant, the
refusal to submit a special interrogatory calling upon the jury

for an answer to this ultimate question was nonprejudicial. The verdict necessarily included a finding.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

MONDAY, MARCH 22, 1915.

ACTION for services as attorney resulted in a judgment for plaintiff. The defendants appeal.—*Affirmed.*

*Ney & Bradley,* for appellant.

*W. J. Baldwin* and *A. E. Maine,* for appellee.

LADD, J.—The plaintiff is an attorney at law and claims to have been consulted frequently during the two years prior to March 7, 1912, by the defendant concerning the procure-

1. APPEAL AND ERROR: pleading evidence: overruling motion to strike: when nonprejudicial.

ment of a divorce from her husband; that he advised her to postpone instituting suit until the death of her husband's father, as thereupon her husband would be likely to inherit considerable property and she to obtain a

more liberal allowance as alimony; that her husband's father died in February, 1912, and he had the petition for divorce ready to sign on March 7th following; that she thereupon requested him to defer bringing the action as her husband was doing better. He did so and on the next day she employed Ranck & Messer, attorneys, to bring suit, which they did, and upon trial, a decree of divorce fixing the alimony at $5,000 was entered. The defendant moved that the portions of the petition in reference to the employment of Ranck & Messer and the decree entered be stricken therefrom. This might well have been done for that it merely pleaded evidence, but as the evidence in any event, as will subsequently appear, was admissible, overruling the motion to strike was without prejudice.

II. The plaintiff testified that he advised delay in bringing the suit for that the defendant's husband was possessed

of limited or no means and that as his father was wealthy, about ninety years of age, in ill health, and not expected to live long, the husband would be likely to inherit considerable property; and therefore she would be allowed a larger amount as alimony should suit be brought after his death. On the other hand, defendant testified that when she consulted plaintiff, he advised her that she did not have evidence sufficient to justify the granting of a decree of divorce and simply put her off from time to time.

**2. ATTORNEY AND CLIENT: discharge of attorney: employment of new counsel: amount of recovery as bearing on value of services.**

The jury must necessarily have decided whose account of the transaction was correct, but counsel for appellant contends that evidence of the employment of other counsel and the amount finally allowed as alimony was not admissible. Evidence of the employment of other counsel and institution of suit by them established his discharge and was admissible for that purpose at least. And if in consequence of plaintiff's advice the allowance of alimony was larger than it would otherwise have been, evidence thereof would have a direct bearing on the value of the services rendered and for this reason was rightly received. That the allowance may have been procured through other attorneys can make no difference, for the object was not to show what other attorneys had done or the value of their services, but that the advice of plaintiff was such as should have been given and that defendant had derived an advantage therefrom.

III. Counsel for defendant was called as a witness by plaintiff to testify with reference to the custom of charging clients for consultation. He insists that this was unfair practice. The exception might be disposed of by saying that no objection was interposed. If there had been, it might well have been overruled. A juror or the presiding judge may testify and we know of no reason for challenging the competency of an attorney or for construing the

**3. ATTORNEY AND CLIENT: calling adversary's attorney as witness: competency: propriety.**

calling of him as a witness by the other side as unfair to his clients. Rather is it a compliment in thus presenting him to the jury as worthy of their confidence in spite of conflicting interests. There was no error.

IV. W. J. McDonald, after qualifying by showing that he was an attorney at law of long experience, was asked a hypothetical question, reciting the facts as testified to by plain-

4. ATTORNEY AND CLIENT: value of services: results obtained: evidence.

tiff, and among other things to be assumed by him was that plaintiff advised defendant to delay bringing suit for divorce until her husband's father's death, that no judgment worth anything could have been obtained before that time and that in consequence of such advice, the suit was postponed until the old gentleman's death, and that then alimony in the net amount of $4,000 was obtained. This last was objected to on the ground that the evidence adduced did not show that plaintiff had procured any alimony or a divorce and that the only question involved was the value of his services for consultations with the defendant. While the value of services rendered only was involved, the consequence of his advice had an important bearing thereon. As it was competent to show the outcome of following his advice and that the client actually reaped the benefits thereof, this was properly to be taken into account in estimating the value of the services rendered. Similar objections to hypothetical questions propounded to other attorneys were rightly overruled. There was no error.

V. Exception was taken to the argument of the attorney for plaintiff and this is supported by affidavit of counsel for plaintiff and explained by affidavit of counsel for defendant.

5. TRIAL: improper argument versus improper argument: effect.

From a careful examination of these affidavits, we have concluded that honors were about even. One transgressed the proprieties of fair argument about as much as the other and there is no occasion for interference by this court. Surely if one attorney has declared that his opponent's client is "so crooked that he cannot hide behind a cork screw" and calls

upon the jury to "look at his little face, he is a crook," it would seem that his antagonist ought to be accorded the liberty of touching a juror's knee and assuring him that his client ought not to be blamed for suing opposing counsel's father-in-law.

VI. Special interrogatories were requested by defendant as follows: (1) "Did the defendant ask plaintiff to commence

**6. TRIAL: special interrogatories: when properly refused: ultimate fact.** the suit at once?" (2) "Did the plaintiff, after he refused to bring suit, unreasonably delay the commencement thereof?" (3) "Did the defendant at or about the time of employing other attorneys, ask plaintiff how much she owed him and did he say in reply that she owed him nothing?"

Neither of the first two interrogatories called for an ultimate fact and for this reason were rightly refused. The third interrogatory called for an ultimate fact, for the jury was told that if plaintiff had said to defendant that she did not owe him anything, and she thereupon employed other attorneys to transact her business, the plaintiff could not recover.

**7. TRIAL: special interrogatories: refusal: when nonprejudicial.** This issue was the only one, save that of fixing the amount of recovery, submitted to the jury. Only upon an affirmative response to the inquiry might the jury have found for the defendant. In other words, the employment was undisputed and the defendant would be liable in some amount unless this single defense prevailed. The consequence was that the jury were bound to determine this identical question in the verdict as definitely as though in answer to the interrogatory; as unless the interrogatory were answered in the affirmative, the verdict must have been found for the plaintiff. In these circumstances, we are not disposed to regard the omission to submit the interrogatory as prejudicial error. See *Conway v. Murphy,* 135 Iowa 171; *Haase v. Morton,* 138 Iowa 205.

The judgment is—*Affirmed.*

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.