# OLIVE TOZER WALDREF v. GRANT WALDREF.[1]

December 1, 1916.

Nos. 20,047—(179).

**Divorce — petition for permission to visit son.**

Evidence that visits from the father would injuriously affect the son. *Held*: The court did not abuse its discretion in denying the petition. [Reporter.]

Application to the district court for Washington county to amend a decree of divorce so that defendant Grant Waldref might visit his minor child. The application was opposed by plaintiff. The matter was heard before Nethaway, J., who denied the motion. From the order denying the application, defendant appealed. Affirmed.

*Thomas C. Daggett*, for appellant.

*Clapp & Macartney*, for respondent.

PER CURIAM.

The parties intermarried on June 13, 1907, and lived together as husband and wife until September 13, 1910. A son was born to them July 25, 1908. On September 13, 1910, the defendant, without cause, wilfully deserted the plaintiff and their child. On January 8, 1912, the plaintiff commenced an action against defendant in the district court of Washington county for divorce on the ground of wilful and wrongful desertion. He did not appear in the action, and on February 26, 1912, a judgment and decree was entered dissolving the bonds of matrimony existing between the parties, and awarding to the plaintiff the care and custody of the infant child, Grant Tozer Waldref, during his minority.

On June 3, 1916, defendant petitioned the district court of Washington county for a modification and amendment of that part of the judgment and decree relating to the custody of the minor child so that the defendant might visit with said child at reasonable times and under such conditions as would be reasonable and just. The matter having been submitted on affidavits and counter affidavits, the court on June 29, 1916, filed an order denying the petition. Defendant appeals.

"The test to determine the validity of the court's order in such proceedings

[1]Reported in 159 N. W. 1068.

is, was there an abuse of discretion?" Arne v. Holland, 85 Minn. 401, 89 N. W. 3.

"The essential thing is the welfare of the child." Arne v. Holland, supra. See also State v. White, 123 Minn. 508, 144 N. W. 157; Gauthier v. Walter, 110 Minn. 103, 124 N. W. 634.

There was evidence from which the court could find that this child is of a sensitive and nervous disposition; that unusual or undue excitement has a bad effect upon him; that it would be detrimental to his health to be visi- if he were left in the sole custody and control of his mother. There was no ted by the father; and that the welfare of the child would be better secured abuse of discretion in denying the petition.

Order affirmed.