LOTA NELSON, Appellee, v. EDWIN F. NELSON, Appellant.

**DIVORCE:** Alimony—Reasonable Allowance. Alimony in the sum of
1 $15 per month for 20 years for the support and education of an infant child, and $30 per month for the support of the wife for the same time, against a husband whose monthly income is $135, is not unreasonable.

**DIVORCE:** Alimony—Unreasonable Provision Accelerating Maturity.
2 The provision of a decree, providing that the failure to pay any

one of 240 substantial, monthly installments of alimony shall mature all future installments, is unreasonable.

*Appeal from Polk District Court.—*James C. Hume, *Judge.*

## MARCH 14, 1922.

ACTION for divorce, which was granted to the plaintiff, together with an award for alimony. The defendant appeals from the award of alimony.—*Modified and affirmed.*

*Miller, Kelly, Shuttleworth & Seeburger,* for appellant.

*John McLennan,* for appellee.

FAVILLE, J.—The parties to this action were married in Des Moines on the 8th day of May, 1920, and lived together until the 29th day of January, 1921. At the time of the trial, the appellant was 29 years of age, and the appellee was 20. One child, a boy, Edwin, was born to said parties.

1. DIVORCE: alimony: reasonable allowance.

For a time after the marriage, the parties lived with the parents of the appellee; but, beginning the fore part of December, 1920, they lived at the home of the parents of the appellant, until the separation.

I. The action was based upon the ground of cruel and inhuman treatment, the allegations of which were sufficiently sustained to warrant the decree of divorce. The only question raised on this appeal is in regard to the award of alimony.

It appears from the record that the appellant is employed as an assistant toll wire chief of the Northwestern Bell Telephone Company. The appellee testified that his average earnings were about $135 per month. Upon the trial, the appellant testified that he owned no property of any kind, besides his personal belongings; that he had no real estate, nor any interest in any, and no personal property except about $75 in the bank; and that he had no property at the time he married the appellee. He was corroborated in regard to this. It appears that his earnings varied, but were, as stated by the wife, on an average, approximately $135 per month.

The decree, in respect to alimony, provided that judgment be entered against the appellant in favor of the appellee in the sum of $3,600, payable $15 per month, for the care, keeping, and education of the child, until said full sum of $3,600 had been paid, and further awarded permanent alimony in favor of the appellee in the sum of $7,200, to be paid at the rate of $30 per month, until the amount had been fully paid. The decree then provided as follows:

"It is further ordered and decreed that the costs of this suit be taxed to the defendant, and that, upon defendant's failure to pay any of the amounts of said judgments, attorneys' fees, and costs, that execution issue therefor and the entire amount thereof."

It will be noticed that, by the terms of said decree, the failure on the part of the appellant from any cause whatsoever to pay any of the monthly payments due under the decree shall cause the entire amount of said alimony, to wit, $10,800, to be due at once, and execution could issue therefor. The effect of the decree is to provide for the payment by the appellant of monthly allowances of $45 per month for the support of both the wife and child, for a period of 240 months, or 20 years. In view of the age of the parties and the earning capacity of the husband, we do not think that this allowance in monthly payments was excessive or unreasonable. The division of the earnings of the husband under this apportionment would leave him substantially the larger portion of his monthly salary for his own maintenance and support. An award of alimony must have regard both to the necessities of the wife and the ability of the husband to pay.

Under all of the circumstances disclosed in the record, we do not think an award of $15 per month for the support of the child for a period of 20 years, and of $30 for the support of the wife for a like period, to be made in monthly payments, was excessive or unreasonable. Our statute permitting modifications of decrees awarding alimony affords opportunity for a change in the terms of such decree in the future, if the conditions of the parties should so substantially change as to render such a modification just and proper. The decree as to the amount awarded meets with our approval, and will be affirmed.

II. Appellant, however, insists that that portion of the decree which provides that, upon failure to pay any of the monthly installments of alimony, execution should issue for the entire amount, is inequitable and unreasonable, and should not be permitted to stand.

2. DIVORCE: alimony: unreasonable provision accelerating maturity.

In *Schlarb v. Schlarb,* 168 Iowa 364, we had before us a decree which awarded alimony, to be paid in monthly installments, and provided that, upon default in the payment of any one of the monthly installments, the plaintiff should have judgment for the full sum due. We said:

"Nor can we now conceive any sufficient justification for decreeing that a failure to pay any monthly installment of alimony shall expose the defendant to the recovery of a judgment against him for $7,800. This provision is too manifestly unreasonable to leave room for argument in its support, and it cannot be permitted to stand."

In *Spain v. Spain,* 177 Iowa 249, we had under consideration a decree in divorce case which provided:

"But should any of said monthly payments not be made promptly, as provided herein, then execution shall issue for the full sum of $2,000, or any sum remaining due and unpaid, less whatever monthly payments have been made."

Referring to said provision, we said:

"This could not be sustained, in any event, because it was too drastic in character."

In *Kell v. Kell,* 179 Iowa 647, the decree provided for monthly payments, and that, "in default of any such payments, the entire sum remaining unpaid shall become due and payable." We held that this provision was without justification, and that it could not be upheld.

The decree in the instant case, providing that, upon failure to pay any of the monthly payments, the total amount shall be due and payable at once, and that execution shall issue therefor, was too drastic to meet with our approval. The decree will be modified so as to require the appellant to pay to the appellee, or to the clerk of the district court of Polk County, Iowa, on or before the first day of each month, $15 for the care, keeping, and education of said minor child, Edwin Nelson, and $30 per

month as alimony for the appellee, said payments to be continued for the period of 240 months, or until modified by order of court; and upon the omission to pay said sums as required, execution shall issue, upon appellee's request, for all sums not paid as required by said decree. As the costs of this branch of the case are but nominal, all costs will be taxed to appellant. *Kell v. Kell,* supra.

Subject to the foregoing modification, the decree appealed from is—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.