ADELINE FITCH, Appellee, v. GAIL W. FITCH, Appellant.
No. 39472.

1194

*C. R. S. Anderson* and *Clark, Byers & Brunk,* for appellant.

*Parsons & Mills,* for appellee.

KINDIG, J.—Adeline Fitch, the plaintiff and appellee, was married to Gail W. Fitch, the defendant and appellant, at Nevada, on October 27, 1919. Afterwards, they lived in Des Moines. This union brought forth a child, Caroline, now three and one-half years old. Discord arose between the father and mother, and the present suit for a divorce was instituted by the latter against the former on the statutory ground of inhuman treatment. As a result thereof, appellee was given: First, a decree of absolute divorce from the appellant; second, permanent alimony in the sum of $5,000, and monthly alimony in the amount of $150; third, the household goods; fourth, $300 for attorney fees; and fifth, the custody of the child. Appellant was given the right, under certain conditions, to visit the baby "so long as he [appellant] complies with the terms of [the] decree relative to * * * permanent and monthly alimony." In this appeal, appellant does not complain of that part of the district court's judgment and decree giving appellee a divorce. Grievance is predicated on the ground that the alimony is excessive and the condition for visiting the child arbitrary.

I. The insufficiency of the evidence to support the divorce decree is not presented for consideration. It is, in effect, conceded by appellant that the proof substantiates the trial court's act in granting the divorce; but appellant does claim that the evidence may be reviewed for the purpose of ascertaining whether the alimony is excessive. Authority for this contention may be found in *Mitvalsky v. Mitvalsky,* 191 Iowa 8. However, a review of the record will not aid appellant a great deal in this respect, because the equities clearly preponderate in appellee's favor. Many

acts of cruelty were inflicted upon appellee by appellant. A brief statement of the facts will suffice.

These parties were musicians at the time of their marriage, and continued performing the duties of that chosen profession until appellee became pregnant. Thereafter, appellant constantly pursued the occupation, "played for dances," and conducted an orchestra. Furthermore, during the time in controversy, he was a salesman for the Fitch Company. That was a barber supply concern, in which appellant's father was the principal owner and manager. Approximately a year after the marriage, the sweet harmonies of the honeymoon changed to rasping discords of incompatibility and strife. Obviously, it was appellant who was out of tune. His abuse and misconduct toward appellee became marked. He inflicted upon appellee indescribable and inhuman abuse over a period of months and years, which was so intolerable that she could not bear the injustice and physical ill treatment.

Manifestly, appellant cannot find much consolation in his conduct toward appellee for the reduction of alimony.

II. Numerous elements enter into the problem of fixing alimony. The wife's necessities are not alone the criterion, because the husband's ability to pay, as well as other contingencies, must enter into the equation. *Zuver v. Zuver*, 36 Iowa 190; *Ensler v. Ensler*, 72 Iowa 159; *Evans v. Evans*, 159 Iowa 338; *Nelson v. Nelson*, 193 Iowa 463; *Black v. Black*, 200 Iowa 1016; *Schorr v. Schorr*, 206 Iowa 334. Our statement in *Zuver v. Zuver*, supra, was:

"In determining the amount and the subject-matter of her [the wife's] permanent alimony, regard should be had alike to the true interests of the husband, the wife, and the children."

Likewise, a similar thought was expressed as follows in *Evans v. Evans*, supra:

"If the alimony could be measured by the necessity of the plaintiff, it might well be approved [in the case there considered]. But it cannot be so measured. It must be measured by the property or financial resources of the parties."

Also, in *Black v. Black*, supra, the following summarization appears:

"The court does and should take into consideration the sex, age, health, and future prospects of the parties, the private estate of each, the contributions of each to the joint or accumulated property, the children involved and to be provided for, the earning capacity of each, their respective incomes, and their respective indebtedness. These and other facts pertaining to the case are sufficient to enable a court to arrive at a just, fair, and equitable decision in the matter."

Resultantly, each case must stand upon its own facts. When applying those rules to the instant case, it is found that neither husband nor wife has any property. So far as appellant is concerned, he appears to be indebted about $2,300. There is no ability to pay on his part out of property holdings. Whatever, therefore, appellant pays his wife must be from future earnings. Before the divorce proceedings were started, appellant received an allowance of $500 per month for his services with the Fitch Company. After the institution of that suit, however, the company for some cause reduced the salary to $300. According to the record, appellant is not at all times a constant and faithful employee. Due to that tendency, his future relationships with the company are somewhat uncertain. Earnings from the orchestra appear to be indefinite and unreliable.

Wherefore, it is manifest that the part of the court's judgment and decree relating to the $5,000 permanent alimony is excessive. No way appears by which appellant could ever pay that indebtedness. We feel, however, that the part of the decree and judgment relating to the monthly allowance of $150, the household furniture, attorney fees, and costs should stand.

III. Argument is made by appellee that alimony is fixed by judicial discretion, and therefore a judgment in reference thereto cannot be disturbed upon appeal. However, this court has reviewed such discretion of trial courts in many instances, and readjusted alimony allowances on numerous occasions. Within the rules announced in the authorities above cited and quoted, adjustments of alimony may be made. Reference is made to the cases mentioned.

IV. One more complaint is made by appellant. It relates to his right to visit the child and the child's right to visit him. That portion of the court's decree relating thereto reads:

"It is further ordered, adjudged, and decreed that the plaintiff [appellee] be, and she is hereby, granted the absolute care, control, and custody of the minor child of the plaintiff [appellee] and the defendant [appellant], namely, Caroline Fitch, now aged three years, reserving to the defendant [appellant] the right to visit said child and to have said child visit him at such reasonable times and period as will not interfere with said child's education and training; *this privilege to be defendant's* [appellant's] *so long as he complies with the terms of this decree relative to the payment of monthly alimony.*" (The italics are ours.)

Evidently the purpose of the italicized statement was to effect the collection of alimony. Other reasons for it do not appear. Visitation or the denial thereof should not be made to appease one parent or punish the other. Such right of visitation should be allowed or denied, according to what is best for the child. Its welfare must receive paramount consideration. *Bedolfe v. Bedolfe*, 71 Wash. 60 (127 Pac. 594); *Wilkins v. Wilkins*, 84 Neb. 206 (120 N. W. 907); *Waldref v. Waldref*, 135 Minn. 473 (159 N. W. 1068). Unless these visitations with the father will in some way injure the child, they are not to be prohibited, under the facts and circumstances of this case. The associations between father and daughter should not be terminated merely because alimony is not paid. The good there is in the father ought to be afforded the child, and in addition to that, the little girl is entitled to have whatever benefit there may be in the continued acquaintance and association with her grandparents. Denial of the father's visitation may make impossible or unpleasant such desirable relationship with the grandparents. Hence that part of the decree set out in italics above should be canceled and annulled, so that visitation between the father and daughter will not be interrupted by the nonpayment of alimony.

Wherefore, the judgment and decree of the district court is affirmed, except as herein modified in reference to the $5,000 permanent alimony and the right of visitation.—*Modified and affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, WAGNER, and GRIMM, JJ., concur.