AVIS M. BROOKINS, Appellee, v. WILLIAM L. BROOKINS, Appellant.

No. 45615.

NOVEMBER 12, 1941.

H. S. Life, for appellant.

McCoy & McCoy and Devitt, Eichhorn & Devitt, for appellee.

MILLER, C. J.—Plaintiff's original petition sought a divorce on the ground of adultery. By an amendment to her petition plaintiff added, as ground for relief, the assertion that defendant had been guilty of cruel and inhuman treatment, struck the prayer for a divorce, and prayed for separate maintenance in the amount of $35 per week to be secured by a lien upon property of defendant. Defendant filed an answer in the nature of a general denial and a cross-petition for divorce on the ground of cruel and inhuman treatment. Trial was had, resulting in a decree awarding plaintiff separate maintenance in the amount of $40 per month, $200 attorney fees and costs, the judgment to be secured by a lien upon defendant's shares of stock in the

1274

Iowa Dress Club and the assets of said corporation. Defendant appeals.

I. Defendant's first proposition asserts that the court erred in overruling his motion for more specific statement relative to plaintiff's allegations that defendant was guilty of adultery. We have held that, where a ruling on a motion for more specific statement materially affects the final outcome of the trial, it constitutes an appealable order. Dorman v. Credit Ref. & Rep. Co., 213 Iowa 1016, 241 N. W. 436; New York Life Ins. Co. v. Clemens, 230 Iowa 279, 297 N. W. 253. In line with such decisions we held in McKeehan v. City of Des Moines, 213 Iowa 1351, 1354, 242 N. W. 42, that, where a motion for more specific statement is erroneously overruled and defendant files answer, the error is waived. In addition to this proposition, the court did not grant plaintiff any relief upon the ground of adultery. In view of the situation here presented to us, we do not find it necessary to pass upon the correctness of the ruling upon the motion for more specific statement herein.

II. Defendant's second proposition asserts that the court erred in admitting in evidence certain letters which plaintiff testified were in the handwriting of defendant's secretary, were sent to him through the mails but intercepted by plaintiff. The objection asserted that the exhibits are "incompetent, immaterial, irrelevant, hearsay, not the best evidence, not binding on the defendant and the record having shown that the defendant never received the exhibits."

Defendant relies upon State v. Loftus, 128 Iowa 529, 531, 104 N. W. 906; Mitchell v. Mitchell, 193 Iowa 153, 156, 185 N. W. 62; Bruce v. Galvin, (Iowa), 171 N. W. 687. The cases are not in point. In the Mitchell case the only question discussed is the insufficiency of one letter to prove the charge of adultery. In the other two cases, the letters were held to be inadmissible because they were not properly connected with the defendant. Here the letters were addressed to the defendant, were secured from his mailbox and telegrams sent by him clearly indicate that the letters were invited by him.

The general rule is stated in 20 Am. Jur. 807, section 958, thus:

"Generally, correspondence of persons where offered as

evidence of, the facts stated therein must be excluded under the general principle respecting res inter alios acta, unless the party against whom the communications are tendered is in some way connected therewith or knew and approved their utterance. Letters of third persons are receivable in evidence, however, when they are merely collateral, introductory, or incidental to, or in illustration of, the testimony which the witness gives, or are receivable to establish what one's intention was or where he was at a given time.''

Here defendant was connected with the letters. They were addressed to him. They corroborated other evidence of his relations with his secretary. They tended to confirm plaintiff's suspicions. The statements of fact contained in them were obviously hearsay. In an action tried to a jury, their admissibility would be very doubtful. But, in an action in equity, tried to the court, with their weight as evidence limited by full appreciation of the narrow limits within which they might be considered, we think that the objection to their admission in evidence is not well taken.

III. Defendant's third proposition is that plaintiff was not entitled to separate maintenance because she failed to establish cruel and inhuman treatment such as would endanger her life. He relies upon our recent decision in the case of Onthank v. Onthank, 230 Iowa 851, 299 N. W. 392, and other cases including Carlisle v. Carlisle, 99 Iowa 247, 68 N. W. 681; Veeder v. Veeder, 189 Iowa 912, 179 N. W. 136; and Henriksen v. Henriksen, 205 Iowa 684, 216 N. W. 636. The cases are not controlling because the record here made is different.

There was no claim of physical violence herein. However, in the case of Craig v. Craig, 129 Iowa 192, 194, 105 N. W. 446, 447, 2 L. R. A., N. S., 669, 671, where the charges made were similar to those involved herein, Judge Deemer, speaking for the court, states:

''Surely the conduct above described constituted such cruel and inhuman treatment as entitled plaintiff to a divorce. Possessed of no more than ordinary sensibilities, we can hardly see how defendant's conduct could do otherwise than deeply wound the wife whom he had promised to love, honor, and respect, and,

forsaking all others, cleave only unto her. Such wounds are deeper and more dangerous to health than blows, more harassing than profane language, and more distressing than vulgar talk. To trusting and sensitive women they are more brutal than bodily injury, and leave scars which never can be healed. That it justifies a divorce is too clear for argument or the citation of authority. But see, in this connection, Berry v. Berry, 115 Iowa, 544; Shook v. Shook, 114 Iowa, 597; Douglass v. Douglass, 81 Iowa, 258; Doolittle v. Doolittle, 78 Iowa, 694; Cole v. Cole, 23 Iowa, 438; Aitchison v. Aitchison, 99 Iowa, 93.''

The rule above announced has been adhered to and applied in later decisions of this court. Roach v. Roach, 213 Iowa 314, 321, 237 N. W. 439. We do not deem it necessary to review the evidence in detail. The testimony of plaintiff and her witnesses is disputed by defendant. The trial court passed upon the credibility of the witnesses. We see no occasion to disturb his decision.

■ IV. Defendant's fourth proposition is that the court erred in awarding plaintiff $40 per month separate maintenance because she was employed when married, has retained that employment and the earnings thereof, which are ample for her needs, and the award made to her is excessive, inequitable and unjust. He relies upon our decisions in the cases of Fitch v. Fitch, 207 Iowa 1193, 224 N. W. 503; Ellsworth v. Ellsworth, 218 Iowa 957, 256 N. W. 690; Mitchell v. Mitchell, 193 Iowa 153, 185 N. W. 62. These decisions do not require a reversal herein.

In the case of Fitch v. Fitch, supra, we state (207 Iowa at 1195, 224 N. W. at 504) as follows:

''Numerous elements enter into the problem of fixing alimony. The wife's necessities are not alone the criterion, because the husband's ability to pay, as well as other contingencies, must enter into the equation. Zuver v. Zuver, 36 Iowa 190; Ensler v. Ensler, 72 Iowa 159; Evans v. Evans, 159 Iowa 338; Nelson v. Nelson, 193 Iowa 463; Black v. Black, 200 Iowa 1016; Schorr v. Schorr, 206 Iowa 334.''

That was a case wherein a divorce was granted. Here all that plaintiff asked was separate maintenance. Defendant is still her husband and should contribute toward her support.

She was earning $34 per week. Her physician insisted that, because of her nervous condition, she continue working to occupy her mind. Defendant has a drawing account of $60 per week. In the year preceding the trial, his income was $4,631.17. We do not think that the allowance of $40 per month is excessive.

V. Defendant's fifth and final proposition complains of the action of the court in establishing a lien upon the assets of the Iowa Dress Club for the payment of the judgment herein. Defendant owns all of the stock of the corporation. However, the corporation is a separate entity. We doubt the necessity or propriety of establishing the lien on the assets of the corporation. It should be limited to the corporate stock owned by defendant. The decree should be modified to that extent.

With the decree modified as directed in Division V of this opinion, it is affirmed in all other particulars.—Modified and affirmed.

All Justices concur.