## WALLACE v. WALLACE.

1. DIVORCE—CHILDREN AS WARDS OF COURT.
   In divorce proceedings, children are wards of the court.

2. SAME—MINOR CHILDREN—STATE.
   In divorce proceedings between parents of minor children, the right of the State is superior to that of the parents.

3. SAME—MODIFICATION OF DECREE—REPORTS—CROSS-EXAMINATION.
   The fact that the trial court had an oral report from the prosecuting attorney, acting in the capacity of friend of the court, relating to the matter of defendant father's right of visitation of his two minor daughters whose custody had been awarded to the mother, and a written report from the State police relating to defendant's character, would not preclude court from modifying decree so as to deny defendant the right of visitation upon his petition for that purpose without affording him the opportunity of cross-examining the persons who made the reports.

4. SAME—MODIFICATION OF DECREE—RIGHT OF VISITATION—SUPPORT OF CHILDREN.
   Defendant father, seeking to modify decree of divorce so as to relieve himself of payments for support of his minor children, has the burden of satisfying the court that his payments for such support should be cancelled, the deprivation of his right of visitation not being sufficient, of itself, to relieve him of the obligation.

5. SAME—ACCESS TO CHILD NOT ABSOLUTE RIGHT.
   While access to a child by the parent denied custody is an important right, it is not an absolute one, but must yield to the good of the child.

6. SAME—MODIFICATION OF DECREE—DISCRETION OF COURT—RIGHT OF VISITATION—SUPPORT OF CHILDREN—BURDEN OF PROOF.
   Modification of decree of divorce so as to deprive father of the right of visitation of his two minor daughters without relieving

him of his duty to support them *held*, not an abuse of discretion on his petition to deny him the right of visitation but to relieve him of duty of support where he failed to sustain his burden of showing that his payments for such purpose should be cancelled.

Appeal from Jackson; Williams (Benjamin), J. Submitted October 3, 1944. (Docket No. 36, Calendar No. 42,833.) Decided November 30, 1944.

Bill by Myrtle P. Wallace against Ora Glen Wallace for divorce on ground of cruelty. Decree for plaintiff. On petition of defendant to modify decree so as to deny him right of visitation and to cancel amounts awarded for support of children. Decree amended denying defendant right of visitation but continuing payments for support of children. Defendant appeals. Affirmed.

*Haskell L. Nichols,* for plaintiff.

*John J. Gallagher,* for defendant.

SHARPE, J. On March 9, 1940, plaintiff was granted a decree of divorce from defendant. The decree provided that plaintiff was to have custody of the two minor children. Defendant was given the right to visit and be with the children at reasonable times and places. The decree also provided that defendant was to contribute the sum of five dollars per week for the support of the children.

In January, 1941, plaintiff filed a petition to modify the decree. The relief asked for was to deny defendant the right to visit the children, namely, Iva May Wallace, born in 1933, and Ella Minnie Wallace, born in 1938. The petition was referred to the friend of the court, who later filed a written and signed report recommending that plaintiff's petition

be denied. The trial court acted favorably upon the recommendation of the friend of the court and denied the petition.

In January, 1944, defendant filed a petition to modify the decree by striking from the decree his right of visitation and for cancellation of the payment for the support of the children. On May 17, 1944, an order was entered modifying the decree, denying the defendant the right of visitation of the children, but continuing the payments for their support.

It appears that prior to the filing of the petition by defendant plaintiff claimed that defendant had attempted to take indecent liberties with one of the children. This charge was investigated by the prosecuting attorney and the State police, but no warrant was issued against defendant. When defendant filed his petition to modify the decree the trial court requested the prosecuting attorney to make an investigation, which he did. He reported orally to the court that in his opinion the right of visitation should be denied. The court also had a report from the State police concerning the character of defendant. The court also interviewed one of the minor children, in the presence of the prosecuting attorney. It does not appear that any testimony was taken on the motion.

Defendant appeals and urges that a divorce decree may not be modified when the basis of such modification consists of hearsay statements contained in a report of the State police and the oral report of the prosecuting attorney; that a decree may not be modified without giving the defendant the opportunity of cross-examining the persons making such statements; and that plaintiff is not entitled to support for the children.

In a discussion of this case we have in mind that in divorce proceedings children are wards of the court, and the right of the State rises superior to that of the parents.

In the case at .bar defendant filed a petition asking the court to. amend the decree by denying him the right to visit his two children. The court granted his request. He was represented by counsel. The fact that the trial court had an oral report from the prosecuting attorney, who acted in the capacity of friend of the court, and a written report from the State police, did not in any way detract from the power of the court to act favorably upon the request of the defendant.

It is to be noted that the court denied defendant's petition to cancel his financial obligation relative to the support of his children. No testimony was taken or any showing made as to why this relief should be granted. The burden was upon defendant to satisfy the court that the payments for the support of his children should be cancelled. The fact that he can no longer visit his children does not of itself relieve him of this obligation.

In *Kane* v. *Kane,* 241 Mich. 96, we said:

"Where, in the fair and impartial exercise of its wise discretion, the court finds it conducive to the best interests of the child to do so, it is authorized by the statute cited (3 Comp. Laws 1915, § 11407) to award its custody to a parent who resides without the State, and in this or a foreign country, and, where the custody is awarded the mother, to charge the father with the child's maintenance and support.

"Access to the child by the parent denied custody is an important right. It is recognized that awarding custody to a nonresident parent may render the privilege of visitation impracticable in many cases.

That privilege is not an absolute right but one which must yield to the good of the child. *Waldref* v. *Waldref,* 135 Minn. 473 (159 N. W. 1068); *Bedolfe* v. *Bedolfe,* 71 Wash. 60 (127 Pac. 594); 19 C. J. p. 348. Its feasible exercise should be safeguarded by the decree, but only to the extent it may be done without opposing the best interest of the child. Where the proofs are convincing the welfare of the child demands that course be taken its custody may and should be awarded to the nonresident parent notwithstanding the effect may be the defeat of visitation by the resident parent.

"That a father is deprived of access to his child by a divorce decree does not relieve him from obligation to support it. Whether he is refused the right of visitation because found unfit, or its exercise is obstructed by permitting the residence of the child in a foreign jurisdiction, he may nevertheless be charged with its maintenance. A contrary rule would be preposterous.

There was no abuse of discretion on the part of the trial court. The order amending the decree is affirmed, with costs to plaintiff.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred with SHARPE, J.

WIEST, J. (*concurring in result*). I concur in the result.

Defendant asked the court to revoke the decreed right to visit his children. The request was granted and of this he cannot complain. He made no showing relieving him from paying the small amount decreed for the support of his children.