CHRISTINE KITCHEN, Appellee, v. CARL R. KITCHEN, Appellant.

No. 47004.

June 17, 1947.

F. E. Rosendahl, of Estherville, and Jones, Cambridge & Carl, of Atlantic, for appellant.

John R. DeWitt, of Griswold, for appellee.

SMITH, J.—Plaintiff's right to divorce was uncontested. Defendant in his answer admitted the allegation of cruel and inhuman treatment but denied the right to permanent alimony. The trial court awarded plaintiff the custody of the minor son and gave her all bonds held by the parties ($600), all household goods, and permanent alimony in the sum of $125 per month. A further sum of $25 per month was allowed her for support money for the minor son (born March 1, 1945), and fees of plaintiff's attorney in the sum of $125.

The decree gave defendant an electric fan, Chevrolet coupé, one share of stock in Durant Aircraft Company (value not shown), and his office equipment, furniture, and supplies. On appeal he contends: That the alimony granted plaintiff is disproportionate to his earning capacity; that he is without property and dependent on his earnings alone; that plaintiff has

earning capacity that should be taken into account; that alimony should not be punitive; and that his obligations should be considered and deduction therefor made. Defendant also contends that plaintiff's attorney's fees already allowed are adequate considering defendant's financial condition.

The parties were married January 1, 1942. Plaintiff was twenty years old; defendant, twenty-four. He had been graduated from the College of Optometry, Chicago, in June 1940, and had practiced in Creston, Iowa, about fifteen months. He continued in practice thereafter until he entered the Army Air Corps in February 1943. He was discharged in September 1945.

During his approximately twenty-nine months of practice in Creston he did not own his office equipment but paid twenty per cent of his net income to the man who financed him.

After his discharge from military service he took a three-weeks' refresher course in Chicago, in order to prepare himself to re-enter practice of his profession, and then opened an office in Estherville, Iowa. However, the parties never established a home there. Plaintiff remained with her parents in Griswold, Iowa, except for one or two trips to Estherville. There was some definite talk of buying a house up there but nothing came of it.

There are many other factual details shown in the record but the foregoing statement gives a fair picture of the background of the suit. Other matters bearing directly on the question of alimony and support money will be mentioned as we proceed.

I. There is no substantial conflict in the evidence and little if any disagreement over abstract questions of law. The difficulty arises over the comparative emphasis or weight to be placed on the various admittedly pertinent considerations.

Plaintiff's needs for herself and child and defendant's ability to pay are, of course, the main or most important considerations. We may disregard the small amount of property involved. We may also discard any consideration of plaintiff's earning power. It is true she was a teacher prior to her marriage and even worked and earned some while defendant was in

service. But, with an infant son to care for, it is manifest no reliance could or should be placed on her ability to earn.

Nor should time be spent on plaintiff's necessities. They are sufficient to justify the allowance of $150 per month for herself and child, if defendant's ability to pay warrants such allowance. The sole question for our determination is the reasonableness of the trial court's decree when defendant's present and prospective earnings and obligations are considered.

It must be admitted the available data is not very satisfactory on this point. Earning capacity in a profession cannot be accurately measured by the experience of a few months. Some estimate as to the future must be made, based on considerations at best uncertain.

Plaintiff thought defendant's average monthly income while they lived in Creston "was between two and three hundred dollars, at times higher and sometimes lower." Her testimony indicates an estimate of approximately $250 as defendant's eighty per cent share of the net income. He estimates it as $197.

Defendant testifies as to his monthly gross income and expenditures from February 7th to and including June 1946, at Estherville, showing a monthly average net income of $315 to $320. An examination of his figures reveals, however, that a part of his deductions of items of expenditures in arriving at his net income was for equipment and supplies. It is impossible to compute accurately (in the absence of monthly inventory figures) what adjustment of defendant's figures should be made on account of these items. The net figures for the five months show a tendency to increase but the increases are due to decreasing expenditures rather than to increasing gross receipts.

It is to be observed that defendant had to assume obligations for equipment to be used by him in Estherville, as the equipment used by him in Creston was not owned by him. He testified he was indebted to his brother for about $900 and to the American Optical Company for $650. Some of the monthly expenditures listed by him (referred to above) applied on the American Optical Company contract.

Defendant was cross-examined on the usual margin of profit on volume of business in his profession. He indicated it

would run about forty per cent of gross. Computing this percentage upon the gross figures testified to by him results in a monthly net profit of over $500. This may or may not indicate the correction to be made of his monthly net figures (referred to above) on account of capital investment amounts included by him among expenditures.

We have sketched enough of the evidence to pose the question that confronted the trial court in fixing the amount of permanent alimony.

Appellant argues (with apparent approval of the proposition) that ''one third of the husband's income has often been held a proper apportionment.'' Citing Smith v. Smith, 192 Iowa 1358, 186 N. W. 632; and 27 C. J. S., Divorce, section 236. Appellee seems entirely willing to meet appellant upon this ground and contends the court's allowance meets this test.

The authorities cited are careful to point out, as are we, that there is no hard and fast rule on the subject. The court is not confined to any specific proportion of either the husband's estate or his income. Our statute requires the making of such allowance "as shall be right." Section 598.14, Code, 1946; Brett v. Brett, 191 Iowa 262, 182 N. W. 241; Smith v. Smith, supra; Farley v. Farley, 30 Iowa 353; Aitchison v. Aitchison, 99 Iowa 93, 68 N. W. 573. In the last-cited case an allowance of $750 per year to a wife with two small children against a defendant with a salary of $1,500 was approved.

It is well established that the wife's necessities are not the sole criterion. Evans v. Evans, 159 Iowa 338, 140 N. W. 801; Fitch v. Fitch, 207 Iowa 1193, 1195, 224 N. W. 503 (and cases there cited); Schneckloth v. Schneckloth, 209 Iowa 496, 502, 228 N. W. 290.

The case is singularly free from any charge of blame against appellee. The record shows that out of a clear sky she was informed by appellant that he loved another woman more than he loved her. There is no suggestion that any conduct of appellee contributed to the situation.

While her needs are not controlling, they are, as we have said, sufficient to warrant the amount of the award. The evi-

dence is not very full on the subject but it indicates she and her son will have to maintain a home of her own. A home with appellee's parents seems impracticable, even if we were disposed to consider such a possibility.

Considering the financial situation of the parties we believe the decision of the trial court was just. It does not indicate any disposition to punish appellant or any undue sympathy for appellee.

II. The decree should, however, provide that the alimony payments cease if appellee remarries, and that the payment for support of the son terminate when he attains his majority.

As so modified it will be affirmed.—Modified and affirmed.

OLIVER, C. J., and BLISS, HALE, GARFIELD, MANTZ, MULRONEY, and HAYS, JJ., concur.