MARGARET M. DOHSE, appellee, v. MARKET MENS MUTUAL INSURANCE COMPANY, appellant.

No. 50651.

JUNE 12, 1962.

D. C. Nolan and Edward W. Lucas, both of Iowa City, for appellant.

Filseth & Schroeder and A. Fred Berger, Jr., all of Davenport, for appellee.

GARFIELD, C. J.—This is a law action by Margaret M. Dohse, holder of a judgment against Ralph and Geraldine Tompkins for personal injuries caused by the latter's negligence in operating an automobile, to recover the amount of the judgment from Ralph's insurance carrier. The defense was that the insurance

was not applied for nor effective until the day after plaintiff was injured. Following trial, judgment was entered on jury verdict for plaintiff from which defendant insurance company has appealed.

The errors assigned are: 1) Striking defendant-company's cross-petition to reform the policy sued on; 2) refusal to receive in evidence a letter from defendant's agent to a representative in its home office; 3) refusal to direct a verdict for defendant because of claimed insufficient evidence for plaintiff; and 4) refusal to submit a special interrogatory to the jury. Most reliance is upon 2 and 4. We will consider the assigned errors in the above order.

I. Plaintiff was injured May 19, 1958, about 8:15 p.m., when the automobile driven by her son in which she was a passenger was struck from the rear by the Tompkins automobile while the Dohse car was stopped for a red traffic light in Iowa City. Plaintiff recovered judgment for her injuries against Ralph and Geraldine Tompkins, father and daughter. Execution was issued and returned unsatisfied. This action followed.

Ralph's application (exhibit 1) for the policy was written by defendant's agent Royston and signed "Ralph O. Tompkins" by Ralph's wife. It is dated "5-19-58" and states it is effective from "May 19, 1958, to Nov. 19, 1958." The policy, issued July 21, 1958, states the policy period as "5-19-58 to 11-19-58" and its inception as "5-19-58." Also "The policy period shall begin and end at 12:01 a.m."

Mrs. Tompkins testifies the application was signed and the premium paid May 19. The agent Royston says he made a mistake in writing the dates on the application and it was not written until May 20. This was the ultimate disputed question on the trial and the jury resolved it against defendant.

Seventeen and a half months after this action was commenced and three years and four months after plaintiff was injured defendant filed a cross-petition against plaintiff Mrs. Dohse and Ralph Tompkins, alleging the dates on the application and policy were the result of inadvertence, oversight and mistake, the application was not made until May 20 and asking that the policy be reformed to show the correct time. Defendant also moved to transfer the case to equity on the ground the issue

raised by the cross-petition could be properly determined *only* in equity.

On plaintiff's motion the court struck the cross-petition. The ruling was correct. Virtually the same allegations as those in the cross-petition were contained in an amendment to defendant's answer on which the case was submitted to the jury. Defendant's answer, filed soon after the action was commenced, denied it had issued a policy agreeing to pay for injuries suffered by plaintiff on May 19, 1958.

As stated, this law action was commenced long before defendant's cross-petition and motion to transfer to equity were filed. If the insurance was not applied for and the policy did not take effect until May 20, after plaintiff was injured, the fact was a complete defense to the action. The appropriate law issues had been drawn, although on more general terms, and were awaiting trial before the cross-petition was tendered. All defendant was interested in was a successful defense to the law action. Reformation of the policy was unnecessary. The fact which would reform the policy would defeat recovery on it. Where as here a court of law has obtained jurisdiction of such a controversy, equity will not interfere.

See in support of these views: Biermann v. The Guaranty Mutual Life Ins. Co., 142 Iowa 341, 343–345, 120 N.W. 963, and citations; Beeman v. Bankers Life Co., 215 Iowa 1163, 1165–1167, 247 N.W. 673, 674, 675; Randolph v. State Farm Mut. Auto. Ins. Co., 216 Iowa 1414, 1416, 1417, 250 N.W. 639; Poole v. Poole, 221 Iowa 1073, 1078, 265 N.W. 653; New York Life Ins. Co. v. Miller, 8th Cir., Iowa, 73 F.2d 350, 97 A. L. R. 562, and annotation, 572; 30 C. J. S., Equity, section 33; 19 Am. Jur., Equity, section 104.

II. The trial court sustained plaintiff's objection of hearsay, self-serving and incompetent to defendant's exhibit 2, a letter from its agent Royston to Greeb, an employee in defendant's home office, which Royston testifies he sent the company with the application. The two papers were received in the home office in Milwaukee May 26, a week after the application was dated.

Exhibit 2 states Tompkins "let his insurance lapse as of January 18-58 he had with us. * * * His daughter age 17 (Sept) ran into the back of Dohse car 5-19-58. That was the first he began to check to see if his insurance was in force. To make a

long story short there was about $50 in damage to Dohse car.
* * * Baird said I should write and explain this as we will have
to file an SR-22 he thinks. This man was covered under 5575-
98949 then failed to send in 14F00684. I feel a little bad about
this but it wasn't my fault 100%—Thanks Bob. Jack"

Baird was a general agent for defendant who supervised
agents in the area including Iowa City. Obviously exhibit 2 was
not written until after Royston had received some communication
from Baird following the accident on May 19.

It is argued exhibit 2 was part of the application. One
question on the application was whether "a financial responsibil-
ity" was required. The answer "yes" to this was checked on the
application. This was followed by "see letter attached." The
application also bore the endorsement, "No SR 22 to be filed."
This was evidently not written on the application until some
time after Mrs. Tompkins signed it. Appellant says "SR 22"
refers to the requirement of the state department of public safety
that one who has had an accident must file such a form before
his driver's license may be continued or renewed.

Another question on the application was whether any driver
of the automobile "had accidents in past three years." The an-
swer "yes" to this was also checked, followed by the notation
"see letters." This appears to refer to correspondence between
the agent Royston and the home office after the application was
signed. Some entries on the application were made in the home
office after it was received there. No copy of the application or
the letter exhibit 2 was attached to the policy or indorsed there-
on.

We think the court's ruling on the admissibility of ex-
hibit 2 was not error. So far as shown this letter was not called
to Mrs. Tompkins' attention in any way and she and her hus-
band had no knowledge of it. As stated, it was evidently not
written until after Mrs. Tompkins signed the application. The
fair inference is that the references on the application to "letter"
and "letters" were added to it after it was signed. Exhibit 2 was
hearsay and self-serving. Cummings v. Pennsylvania Fire Ins.
Co., 153 Iowa 579, 583, 584, 134 N.W. 79, 37 L. R. A., N. S.,
1169, Ann. Cas. 1913E 235; Massachusetts Bonding & Ins. Co.

v. Parsons Elec. Co., 8th Cir., Mo., 61 F.2d 264, 272, 92 A. L. R. 218, 232; The Insurance Co. of North America v. Guardiola, 129 U. S. 642, 643, 9 S. Ct. 425, 32 L. Ed. 802; Valley Shoe Corp. v. Stout, 8th Cir., Mo., 98 F.2d 514, 520; Landers v. Watertown Fire Ins. Co., 19 Hun (N. Y.) 174, 176, reversed on other grounds 86 N. Y. 414; Benninghoff v. Agricultural Ins. Co., 93 N. Y. 495, 501. See also Brookins v. Brookins, 230 Iowa 1272, 1274, 1275, 300 N.W. 540, 541.

29A Am. Jur., Insurance (1960), section 1883, pages 942, 943, states: "However, self-serving declarations—that is, statements favorable to the interests of the declarant or to the interests of the declarant's principal—are not admissible in favor of the declarant or his principal as proof of the facts asserted. In an action on a lost policy, the policy register of a deceased agent who issued the policy, which did not show that the policy contained a lightning clause, as it was claimed would have been indicated on the register had such been the case, is not admissible to show the absence of a lightning clause. It has also been held that correspondence between the insurer's branch office and the agent by whom an oral agreement to renew insurance was made, of which correspondence the insured knew nothing, is inadmissible as hearsay in an action for a loss sustained by the insured."

Idem, section 1895, page 952, says: "As a general rule, letters offered as evidence of facts stated therein will be excluded unless the party against whom the communications are tendered is in some way connected therewith, or knew or approved of what is said therein."

As plaintiff points out, if the agent Royston, after procuring the application, had informed the home office by telephone, out of the presence of the insured, of the matters stated in exhibit 2, the conversation would be inadmissible in evidence. The letter is equally objectionable. Rubin Bros. Butter & Egg Co. v. Larson, 245 Iowa 741, 745, 63 N.W.2d 908, 910, and citations.

The argument that exhibit 2 was admissible as part of the res gestae cannot be accepted. Whether declarations are admissible as part of the res gestae is addressed largely to the trial court's discretion. In re Estate of Willesen, 251 Iowa 1363, 1374, 105 N.W.2d 640, 647, and citations. The trial court's adverse ruling on this point presents no abuse of discretion.

We may observe that to have received exhibit 2 in evidence would appear to be a violation of at least the spirit of sections 515.94, 515.95, Codes 1958, 1962, which read: "All insurance companies * * * shall, upon the issue * * * of any policy, attach to such policy, or indorse thereon, a true copy of any application or representation of the assured which, by the terms of such policy, is made a part thereof, or of the contract of insurance, *or referred to therein, or which may in any manner affect the validity of such policy.*" (Emphasis added.) (515.94)

" * * * if any company * * * neglects to comply with * * * 515.94 it shall forever be precluded from pleading, alleging, or proving any such application or representations, or any part thereof, or falsity thereof, * * * in any action upon such policy * * *." (515.95)

We have held an evident purpose of this legislation, enacted in 1880, is that the writings composing the contract may all appear together and the insured may be in possession of the evidence of what his contract is. Johnson v. Des Moines Life Ins. Co., 105 Iowa 273, 276, 75 N.W. 101; Kirkpatrick v. London Guarantee and Accident Company Limited, 139 Iowa 370, 374, 115 N.W. 1107, 19 L. R. A., N. S., 102; Kayser v. Occidental Life Ins. Co., 231 Iowa 620, 628, 629, 1 N.W.2d 715, 718, 719. This purpose would be defeated if exhibit 2 were to be considered part of the insurance contract.

Precedents cited by defendant in connection with this assigned error are not contrary to the views we have expressed.

III. There is no merit to defendant's contention it was entitled to a directed verdict because of claimed insufficiency of the evidence for plaintiff. In this connection we must consider the evidence in the light most favorable to plaintiff. When this is done we cannot say it conclusively appears the application for the policy was made the day after the accident. As previously explained, the application prepared by Royston is dated May 19 and this is given as the effective date of the insurance. The policy also contains the same date in two places. Mrs. Tompkins insists she signed the application on the date it bears and paid the premium. Mr. Royston offers no explanation for the mistake he says he made in preparing the application. Both May 19 and 20, 1958, were week days.

Plaintiff's son, driver of the car in which plaintiff was a passenger, testifies Royston told him the evening of the accident, " 'Mr. Tompkins is fully covered with Market Mens Mutual Insurance Company of Milwaukee.' " Royston admits having a conversation with Dohse at this time but says he told Dohse that if Mr. Tompkins had insurance with his agency it was with Market Mens Mutual Insurance Company. Of course the jury had a right to accept Dohse's version of the conversation, just as it might believe Mrs. Tompkins and disbelieve Royston as to when the application was signed.

There is a clear dispute in the evidence which was properly submitted to the jury for solution.

██ ██ IV. Defendant's remaining assignment of error is likewise without merit. Defendant requested the trial court to submit to the jury this special interrogatory: "On which day was the application for the policy * * * signed—May 19 or May 20, 1958?" Under the circumstances here any error in refusing to submit the interrogatory was not harmful to defendant.

It is true rule 206, Rules of Civil Procedure, provides the jury must be required, on the request of a party, to find specially on any particular questions of fact. A statute which the rule supersedes (section 11513, Code, 1939) was to the same effect. However, we have held several times that where the court's instructions require the jury to determine the question contained in a requested special interrogatory, refusal of the request is not regarded as prejudicial error. Main v. Sheston-Luxor Cab Co., 249 Iowa 973, 977, 89 N.W.2d 865, 867, and citation; Maine v. Rittenmeyer, 169 Iowa 675, 679, 151 N.W. 499, 500, and citations. See also 89 C. J. S., Trial, section 539; 53 Am. Jur., Trial, sections 1134, 1135.

The trial court plainly told the jury that if the application for the policy was not executed on May 19, 1958, but after that date, plaintiff could not recover. Indeed this was really the only disputed question of ultimate fact submitted to the jury. The verdict could not have been reached without a finding the application was signed on May 19. The court's unwillingness to require the jury also to find specially on this particular question must be deemed without prejudice to defendant.

Since we find no reversible error in any respect claimed by defendant, the judgment is—Affirmed.

All Justices concur.